THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT F. EMERY, Defendant-Appellant.

Fourth District   No. 4—89—0042

Opinion filed October 26, 1989.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Robert V. Shuff, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

After a jury trial in Macon County, defendant, Robert F. Emery, was convicted *in absentia* of unlawful possession of a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(b)) and unlawful possession of a controlled substance (less than one gram of a substance containing cocaine) with intent to deliver (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(c)). The court entered judgment on only the conviction of unlawful possession of a controlled substance with intent to deliver, and the defendant was sentenced *in absentia* to five years' imprisonment. Defendant appeals, arguing that (1) the sentence imposed was excessive and (2) he is entitled to credit for time served of $5 a day against the $60 fine imposed upon him.

We disagree and affirm.

Defendant was convicted of a Class 2 felony. He was eligible to be sentenced to probation or, in the trial judge's discretion, to a term of imprisonment of not less than three years nor more than seven years. Since the defendant at the time of his conviction was already on felony probation for forgery and had skipped out on his obligation to appear at trial, he was a rather unlikely candidate for further probation. Accordingly, defendant does not argue on appeal that he should have been sentenced to probation; instead, he argues that the court should have imposed the minimum sentence of three years.

The gist of defendant's appeal is that his criminal behavior in this case was "completely non-violent," and that even though he had had several misdemeanor and traffic convictions, "none of these offenses indicated that the defendant was a dangerous individual." Based upon these characterizations, we are invited to second-guess the trial court and reduce the defendant's sentence to three years' imprisonment, which, defendant claims, "would adequately reflect the

nature of this crime." We emphatically decline.

The record shows that the trial judge carefully considered the nature and circumstances of the offense as well as the history, character, and condition of the offender. The sentence imposed was within statutory limits, and we find no abuse of discretion. See *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Reid* (1987), 160 Ill. App. 3d 491, 513 N.E.2d 517.

The trial court imposed a street value fine of $60 (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1.1). Citing section 110—14 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 110—14) and *People v. Joseph* (1988), 176 Ill. App. 3d 636, 531 N.E.2d 432, defendant argues that he is entitled to a $5-a-day credit against this $60 fine for the 46 days he spent in jail on this bailable offense. Section 110—14 of the Code provides:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. The clerk of the court shall notify the defendant in writing of this provision of the Act at the time he is convicted. However, in no case shall the amount so allowed or credited exceed the amount of the fine." Ill. Rev. Stat. 1987, ch. 38, par. 110—14.

■ Normally, a defendant's failure to apply for credit will not preclude application of this statute upon appeal where, as here, the record fails to indicate that the defendant was informed by the circuit clerk of his entitlement. (*People v. Bratcher* (1986), 149 Ill. App. 3d 425, 500 N.E.2d 954.) However, this is not the normal case. Here the defendant was tried *in absentia*, and giving him the benefits of this statute would be contrary to legislative intent.

In 1977, the Illinois General Assembly amended section 110—14 in two significant ways: (1) the clerk of the court was required to notify the defendant in writing of the provisions of that section at the time he is convicted; and (2) the defendant is entitled to the benefits of that statutory provision only "upon application of the defendant." (Pub. Act 80—666, eff. Oct. 1, 1977 (1977 Ill. Laws 2036) (amending Ill. Rev. Stat. 1975, ch. 38, par. 110—14).) The clear purpose of this amendment was to put the defendant on notice of the statutory benefits available to him so that he may request them. In the absence of his request, those benefits are waived.

■ While it is true that here no notice was sent to the defendant by the Macon County circuit clerk, it is equally true that this omission could not have prejudiced this defendant. After all, he failed to appear

both for his trial and his sentencing hearing. Requiring the circuit clerk to send notice pursuant to section 110—14 under these circumstances would be to require a nugatory act. The loss to the defendant of benefits otherwise available under section 110—14 may be viewed as one additional cost of his wilful failure to appear for trial as directed. See Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(a).

Judgment affirmed.

SPITZ and GREEN, JJ., concur.