THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RODERICK TAYLOR, Defendant-Appellant.

First District (1st Division) No. 1—91—2094

Opinion filed May 10, 1993.

Rita A. Fry, Public Defender, of Chicago (James M. Perlman, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Margaret J. Faustmann, and Katherine S.W. Schweit, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

Defendant, Roderick Taylor, was charged with burglary, and following a bench trial, he was convicted on that charge. The trial court sentenced defendant *in absentia* to three years' incarceration in the Illinois Department of Corrections. The assistant public defender filed a notice of appeal at the conclusion of the sentencing hearing; however, the State maintains that this appeal should be dismissed because defendant fled the jurisdiction before his sentencing (*People v. Partee* (1988), 125 Ill. 2d 24, 37, 530 N.E.2d 460) and has failed, as of yet, to return to the jurisdiction. We agree that this appeal should be dismissed. Our reasons follow.

■ It is well established that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal. What has come to be known as the "fugitive dismissal rule" was applied for the first time by the United States Supreme Court in *Smith v. United States* in 1876. (See *Smith v. United States* (1876), 94 U.S. (4 Otto) 97, 24 L. Ed. 32.) In that case, an escaped defendant remained at large when his petition arose before the Court. The Court dismissed the case, holding that there could be no assurance that any judgment it issued would prove enforceable. In addition to the dismissal rule based upon "enforceability" concerns, the Court has authorized dismissal based upon a "disentitlement" theory. In *Molinaro v. New Jersey* (1970), 396 U.S. 365, 24 L. Ed. 2d 586, 90 S. Ct. 498, the Court issued an additional rationale for dismissal of an escaped prisoner's pending appeal. In that case the Court stated:

"No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims." *Molinaro*, 396 U.S. at 366, 24 L. Ed. 2d at 587-88, 90 S. Ct. at 498-99.

Further, in *Estelle v. Dorrough* (1975), 420 U.S. 534, 43 L. Ed. 2d 377, 95 S. Ct. 1173, the Court upheld the constitutionality of a Texas statute providing for automatic appellate dismissal when a defendant escapes during the pendency of his appeal, unless the defendant voluntarily returns within 10 days. *Estelle* further rationalized that dismissal of an appeal of a defendant who flees the jurisdiction serves an important deterrent function and advances an interest in efficient, dignified appellate practice. (*Estelle*, 420 U.S. at 537, 43 L. Ed. 2d at 380-81, 95 S. Ct. at 1175.) Thus, it is clear that our Supreme Court approves of dismissal as an appropriate sanction when a prisoner is a fugitive during the "ongoing appellate process."

Recently the Court revisited the fugitive dismissal rule under narrower circumstances in *Ortega-Rodriguez v. United States* (1993), 507 U.S. ____, 122 L. Ed. 2d 581, 113 S. Ct. 1199, in an opinion decided on March 8, 1993. In that case the defendant fled the jurisdiction while his case was pending in the district court; however, he was recaptured before sentencing and appeal. The eleventh circuit held that defendant waived his right to appeal from the conviction unless he was able to prove that his absence was due to matters completely be-

yond his control. The Supreme Court granted certiorari to consider the specific issue not previously addressed.

The Court there concluded that while dismissal of an appeal pending while the defendant is a fugitive may serve substantial interests, the same interests do not support a rule of dismissal for all appeals filed by *former* fugitives, returned to custody before invocation of the appellate system. The Court stated that absent some connection between a defendant's fugitive status and his appeal, as provided when a defendant is at large during "the ongoing appellate process" (*Estelle*, 420 U.S. at 542 n.11, 43 L. Ed. 2d at 383 n.11, 95 S. Ct. at 1178 n.11), the justifications advanced for dismissal of fugitives' pending appeals generally will not apply. Yet the Court refused to unequivocally hold that a court of appeals is entirely without authority to dismiss an appeal because of fugitive status predating the appeal.

Moreover, the Supreme Court did not vacillate from the century-old rule. To the contrary, it reiterated that the contempt for appellate process manifested by flight while a case is pending on appeal remains subject to the rule of *Molinaro*.

Similarly, Illinois courts traditionally have followed the century-old rule establishing that an appellate court has the discretionary power to refuse to hear a fugitive's appeal (see *McGowan v. People* (1882), 104 Ill. 100), unless or until the fugitive voluntarily returns to the jurisdiction of the court (*People v. Estep* (1952), 413 Ill. 437, 439, 109 N.E.2d 762, *cert. denied* (1953), 345 U.S. 970, 97 L. Ed. 1387, 73 S. Ct. 1112, *reh'g denied* (1953), 346 U.S. 842, 98 L. Ed. 362, 74 S. Ct. 15). Further, unless the fugitive returns within the time fixed by the court, the writ of error will be dismissed. *Estep*, 413 Ill. at 441.

However, in 1985, this court declined to follow *Estep*. (See *People v. Sayles* (1985), 130 Ill. App. 3d 882, 474 N.E.2d 870.) In *Sayles*, this court stated that it would decide the appeal on its merits on the basis of the circumstances of that case and in light of the enactment of section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 115—4.1). Pursuant to section 115—4.1, a defendant may be entitled to a new trial if he can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. The court there initially found that section 115—4.1, entitling defendant to a new trial upon application to the trial court and upon a proper showing after conviction *in absentia*, did not render nonappealable an otherwise final conviction and sentence *in absentia*. However, the court did not advance any reasons for hearing the appeal such as counsel's choice to file the notice of appeal rather than a section 115—4.1 petition which may have resulted

in the denial of any relief whatsoever, appellate or post-trial. Neither did the court attempt to clarify its diversion from the generally accepted "fugitive dismissal rule."

Although the *Sayles* opinion suggests a dilemma and possible conflict between the circuit court's jurisdiction over a defendant's statutory challenge to an *in absentia* conviction and the appellate court's authority over a direct appeal from that same conviction, our supreme court has held that no conflict exists. (See *People v. Partee*, 125 Ill. 2d 24, 530 N.E.2d 460.) While *Partee*, wherein the defendant was tried *in absentia* but was not informed when trial would begin, presents a different factual matrix than the present case, the supreme court did take the opportunity there to reinstate the precedential significance of the fugitive dismissal rule. The court expressly stated: "We do not hold that the appellate court *must* hear a fugitive's appeal in all instances. We adhere to the century-old rule that an appellate court has the discretionary power to refuse to hear a fugitive's appeal unless and until the fugitive returns to the jurisdiction." (Emphasis in original.) *Partee*, 125 Ill. 2d at 37.

● 2 In the present case, we exercise our discretionary power to refuse to hear defendant's appeal. Although he was present during the short trial and at the time of conviction, defendant immediately absented himself from the trial court. He did not appear in court on the return date for the presentence investigation report and neither did he appear four days later, at which time the trial court entered the sentence *in absentia*. This is not a case where defendant requested a section 115—4.1 hearing (*Sayles*, 130 Ill. App. 3d 882, 474 N.E.2d 870), one in which he was recaptured before sentencing and appeal (*Ortega-Rodriguez*, 507 U.S. \_\_\_, 122 L. Ed. 2d 581, 113 S. Ct. 1199), or one in which he subsequently made it known to the appellate court that he intended to prosecute the appeal and abide by whatever judgment was rendered (*Partee*, 125 Ill. 2d 24, 530 N.E.2d 460). In *Partee* (125 Ill. 2d at 37), the supreme court stated that the appellate court appeared to have exercised its discretionary power by granting defendant leave to file an affidavit expressing his interest in and desire to prosecute the appeal.

Here, we have testimony at trial that defendant fled when first approached by the police officers at the scene of the burglary. Although this testimony was contradicted by defendant, who, claiming misidentification, testified he was nowhere near the scene of the crime, his subsequent flight and failure to reappear do not convince this court that such factors mandate a deviation from the century-old rule. The concerns about the enforceability of any judgment issued

and the rationale for the "disentitlement" theory that construes a defendant's flight during the pendency of his appeal as tantamount to waiver or abandonment fit squarely with the present case. Neither is the present factual matrix in line with *Ortega-Rodriguez*. To date, defendant remains a fugitive from justice during the "ongoing appellate process." Neither are we called upon to address a matter determining whether defendant's former fugitive status in any way affects the appellate process.

Finally, after oral argument the public defender complied with this court's request by providing additional authority on the instant issue. We have reviewed the two cases cited to this court by the public defender as authority for the proposition regarding the appellate court hearing appeals of defendants who have absented themselves during some part of the trial proceedings. See *People v. Denny* (1993), 241 Ill. App. 3d 345; *People v. Velasco* (1989), 184 Ill. App. 3d 618, 540 N.E.2d 521.

Initially, we note that the narrow issue here regarding the defendant's continued absence during the appellate process is distinguishable from that raised in *Velasco*, which discussed defendant's absence during some part of the trial. In *Velasco*, a jury trial was held in defendant's absence and he was tried *in absentia* and convicted. The question on appeal there was whether defendant waived his right to be present during trial within the purview of section 115—4.1(a). (See Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(a).) Nowhere is there mention of defendant's continued absence during the appeal process. Although the *Denny* decision also states that the trial court sentenced him *in absentia*, it addresses neither the issue of defendant's absence during a part of the trial proceedings, as in *Velasco*, nor his absence during the appellate process. Thus, we conclude that neither of these opinions add anything or alter our analysis here.

Accordingly, believing this case to be an appropriate one for application of the long-established fugitive dismissal rule, we thus dismiss the appeal.

Appeal dismissed.

CAMPBELL and O'CONNOR, JJ., concur.