THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEITH BOX, Defendant-Appellant.

Fourth District    No. 4—93—0038

Opinion filed May 5, 1994.

LUND, J., specially concurring.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In June 1988, a Macon County jury found defendant, Keith Box, guilty of theft of property having a value of less than $300. (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1).) In September 1988, the trial court sentenced him to 120 days in the county jail but granted a stay of execution until October 1, 1988. However, defendant failed to appear on that date, and in December 1988, the court issued a bench warrant for his arrest.

In August 1989, defendant began serving a four-year sentence in prison for unrelated felony convictions from Johnson County, Illinois. That sentence ran concurrently to sentences imposed upon defendant from separate convictions in Alexander County, Illinois, and in Missouri. Defendant ultimately was discharged from prison on these sentences in January 1991.

In December 1992, defendant was arrested on the 1988 Macon

County warrant, and the Macon County circuit court ordered him to serve the 120-day sentence that court imposed in September 1988. Defendant subsequently filed a petition for a writ of *habeas corpus*, alleging that the theft sentence—being a misdemeanor—was merged by operation of law with the sentences on his later felony convictions that he had already completed. The trial court denied the motion, and defendant appeals.

We affirm.

Both before the trial court and on appeal, defendant argues that section 5—8—4(d) of the Unified Code of Corrections (Unified Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(d)) automatically merged his 1988 misdemeanor sentence into the subsequent felony sentences, thus entitling him to release from jail without having to serve that 120-day sentence. In other words, defendant argues that in completing his later felony sentences, he simultaneously—and automatically—satisfied the 1988 misdemeanor sentence. We disagree.

Section 5—8—4(d) of the Unified Code provides as follows:

"An offender serving a sentence for a misdemeanor who is convicted of a felony and sentenced to imprisonment shall be transferred to the Department of Corrections, and the misdemeanor sentence shall be merged in and run concurrently with the felony sentence." Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(d).

On October 1, 1988, when defendant failed to appear in court, he became a fugitive from justice. He was later convicted of several unrelated felonies and sentenced to several years in prison. However, while the record reflects that the trial courts who sentenced defendant on the felonies acknowledged and considered defendant's other felony convictions, none of those courts considered—or was informed of—the September 1988 misdemeanor theft conviction and its resulting 120-day sentence. Defendant simply failed to bring this sentence to the attention of any authorities. Nonetheless, based upon the fortuity of his having served felony sentences after becoming a fugitive from his misdemeanor sentence, "defendant contends he effectively escaped the punishment imposed by his misdemeanor conviction." *People v. Lueloff* (1987), 161 Ill. App. 3d 432, 436, 514 N.E.2d 579, 582.

In *People v. Emery* (1989), 190 Ill. App. 3d 171, 546 N.E.2d 658, this court considered a fugitive defendant's rights to a *per diem* credit against his fine pursuant to section 110—14 of the Code of Criminal Procedure of 1963 (Procedural Code) (Ill. Rev. Stat. 1987, ch. 38, par. 110—14). In *Emery*, the defendant failed to ask the trial court for the statutory $5-per-day credit for his time in jail against a fine the court

imposed as part of his sentence. The appellate court noted that section 110—14 of the Procedural Code imposed an affirmative duty upon the circuit clerk to notify defendant in writing at the time of his conviction of that section's provisions (*Emery*, 190 Ill. App. 3d at 173, 546 N.E.2d at 659); the court further observed that a defendant's failure to ask for this credit under section 110—14 would not normally preclude application of that statute on appeal where, as in *Emery*, the record failed to indicate that the circuit clerk complied with the clerk's duty to inform defendant of that section's provisions. (*Emery*, 190 Ill. App. 3d at 173, 546 N.E.2d at 659.) However, the *Emery* court stated that "this is not the normal case. Here the defendant was tried *in absentia*, and giving him the benefits of this statute would be contrary to legislative intent." (*Emery*, 190 Ill. App. 3d at 173, 546 N.E.2d at 659.) The court held that "[t]he loss to the defendant of benefits otherwise available under section 110—14 may be viewed as one additional cost of his wilful failure to appear for trial as directed." *Emery*, 190 Ill. App. 3d at 174, 546 N.E.2d at 660.

Similarly, in the present case we view as dispositive defendant's failure to appear as directed in October 1988 to serve his sentence. We reject defendant's argument that section 5—8—4(d) of the Unified Code effectively erases his misdemeanor sentence because it was imposed prior to his felony sentences. Had defendant not become a fugitive by failing to serve the misdemeanor sentence, his argument might have merit. However, we view defendant's loss of benefits otherwise potentially available under section 5—8—4(d) of the Unified Code as one additional cost of his failure to comply with the trial court's order to serve his sentence in October 1988. (See *Emery*, 190 Ill. App. 3d at 174, 546 N.E.2d at 660.) Furthermore, allowing defendant to avoid his 120-day sentence by first becoming a fugitive and then a convicted felon would provide him a benefit from this unlawful behavior that is not available to law-abiding persons similarly situated. (See *People v. House* (1990), 202 Ill. App. 3d 893, 900, 560 N.E.2d 1224, 1229) (allowing defendant to impede trial procedure by absenting himself would permit him to benefit from his failure to present himself).) Such a result would be intolerable and could not possibly be what the legislature intended by enacting section 5—8—4(d) of the Unified Code. See also *People v. Smith* (1955), 6 Ill. 2d 414, 417, 129 N.E.2d 164, 165 ("[W]here a defendant *** refuses to return for sentence *** [he] cannot claim any advantage on account of his absence").

This situation is analogous to the so-called "fugitive dismissal rule." Under that doctrine, an appellate court may dismiss an appeal brought by a fugitive defendant until and unless that defendant is

returned to custody. (See *People v. Taylor* (1993), 247 Ill. App. 3d 321, 617 N.E.2d 188; *Ortega-Rodriguez v. United States* (1993), 507 U.S. 234, 122 L. Ed. 2d 581, 113 S. Ct. 1199.) In *Molinaro v. New Jersey* (1970), 396 U.S. 365, 366, 24 L. Ed. 2d 586, 588, 90 S. Ct. 498, 499, the United States Supreme Court dismissed the appeal of a fugitive defendant. In doing so, it held that the defendant's status as a fugitive "disentitles the defendant to call upon the resources of the Court for determination of his claims." (*Molinaro*, 396 U.S. at 366, 24 L. Ed. 2d at 588, 90 S. Ct. at 499.) Similarly, when defendant here "skipped out on his obligation" to serve his misdemeanor sentence (*Emery*, 190 Ill. App. 3d at 172, 546 N.E.2d at 659), he deprived himself of any potential benefit of section 5—8—4(d) of the Unified Code.

For the reasons stated, we affirm the trial court's denial of defendant's petition for a writ of *habeas corpus*.

Affirmed.

COOK, J., concurs.

JUSTICE LUND, specially concurring:

Although I concur with the result reached in this case, I disagree with the majority's analysis. It is unnecessary to go to such lengths to reach the proper conclusion.

Defendant is not in the class of individuals covered by the statute. The statute provides that a defendant who, while serving a misdemeanor sentence, is convicted and sentenced to imprisonment for a felony, shall be transferred to the Department of Corrections and the misdemeanor sentence shall be merged into and run concurrently with the felony sentence. In this case, defendant was a fugitive from justice. He was not serving his misdemeanor sentence at the time he was convicted of the later felonies and began serving sentences for those offenses. He could not, therefore, be transferred to the Department of Corrections. Clearly, the statute does not apply to defendant, and he was not entitled to have his misdemeanor sentence merged with the felony sentences.