No. 2--04–0219                                   filed: 3/23/06

_____

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 99--CM--1895 |
| DEAN M. WICKLUND, | ) ) | Honorable Michael J. Burke, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

_____

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Dean Wicklund, appeals from the trial court's denial of his motion to reconsider sentence.  We dismiss the appeal.

Defendant pleaded guilty to one count of contributing to the delinquency of a child (720 ILCS 130/2a (West 1998)).  After the trial court granted his motion to withdraw his plea, defendant again entered a guilty plea.  After being sentenced to, among other things, one year of conditional discharge, a sexual indecency evaluation, a polygraph examination, and counseling as recommended by probation, defendant filed a motion to reconsider, which was denied by the trial court.  Defendant then filed a notice of appeal to this court.

During the pendency of the appeal, the State filed a motion to revoke defendant's conditional discharge.  After a hearing, the trial court found that defendant willfully violated

his conditional discharge and resentenced defendant to a term of 24 months of probation and 120 days (90 days stayed) in the Du Page County jail.  All other terms of defendant's sentence were to stand.  Approximately eight days later, the stay on the 90 days was lifted, and defendant was ordered to serve all 120 days in jail.  The State filed another petition to revoke days later, alleging that defendant failed to register for sex offender counseling.  Defendant was resentenced again on January 4, 2002, and received a sentence of another 2 years of probation, 60 days in jail (stayed), a sexual offender evaluation, and all other conditions of his prior sentence.  Defendant was to be released from jail on January 31, 2002.

Defendant completed his evaluation.  However, on January 3, 2003, the State filed yet another petition to revoke, alleging that defendant had not begun counseling and was not reporting to probation.  A warrant was issued for his arrest on that date.  There is nothing in the record to indicate that defendant was ever arrested pursuant to the warrant.

On appeal, this court reversed the denial of the motion to reconsider and remanded the cause for the filing of a new motion to reconsider, to be accompanied by a proper certificate as required by Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)), and a hearing on the new motion.  See People v. Wicklund, No. 02--01--1105 (2003) (unpublished order under Supreme Court Rule 23).  The mandate of this court was dated January 30, 2004.

On remand in the trial court, the personnel involved changed.  Judge Terence Sheen, who had originally sentenced defendant and denied the motion to reconsider, had been assigned to a new courtroom; Judge Michael Burke now handled the case.  Assistant Public Defender Teresa Rioux, who represented defendant at the time of his sentencing, was no longer employed by the Public Defender; defendant was represented by Assistant

Public Defender Nina Zahrieh. Defendant himself was never present during the proceedings on remand, as he was still wanted on the warrant issued on January 31, 2002. Zahrieh informed the court that she had spoken to Rioux and that Rioux:

> "Remembers Mr. Wickland [sic], and she could recount details of the conversation she had with him regarding the appeal. She was able to in good faith sign the [Rule] 604(d) certificate."

Zahrieh then filed with the court a document entitled "SCR 604(d) Certificate (Appeal of Sentence)" signed by Rioux. Zahrieh then informed the court that she intended to "just file a copy of what was filed earlier and stand on the motion." A xeroxed copy of a motion for reconsideration of sentence, signed by Rioux, is contained in the record. Zahrieh made no argument regarding the refiled motion, and the State made a two-sentence argument. The court then ruled as follows:

> "I have reviewed the motion. I have reviewed the [Rule] 604(d) certificate and Judge Sheen's notes on the inside of the file. Judge Sheen is the person who imposed sentence on this. But based upon everything that I have reviewed, I don't believe that there has been any error in the sentencing imposed. I believe it's reasonable, in light of all the facts and circumstances presented to him. The motion to reconsider sentence is denied."

This appeal was then brought pursuant to, inter alia, Supreme Court Rule 604(b) (Official Reports Advance Sheet No. 4 (February 16, 2005), R. 604(b), eff. February 1, 2005), which applies to appeals brought by criminal defendants placed under supervision or sentenced to probation, conditional discharge, or periodic imprisonment.

Defendant first contends that the hearing on his motion to reconsider was too perfunctory to comply with this court's mandate following his initial appeal. Citing to this court's decisions in People v. Oliver, 276 Ill. App. 3d 929 (1995), and People v. Porter, 258 Ill. App. 3d 200 (1994), defendant argues that his newly appointed counsel should have filed a new Rule 604(d) certificate and a new motion to reconsider and that more extensive argument was needed, especially in light of the fact that the judge hearing the motion was not the sentencing judge. Therefore, according to defendant, this court should again remand the cause for another Rule 604(d) certificate, a new motion, and a new hearing. However, defendant's status as a fugitive makes unobtainable the very relief that he seeks. Zahrieh cannot speak to defendant in order to file a Rule 604(d) certificate, nor can she file a new motion to reconsider sentence, because such actions of necessity require conversation with defendant. Without the ability to communicate with defendant, Zahrieh is unable to provide the type of hearing that defendant claims he should have received, and the trial court is unable to seriously reconsider the sentence originally imposed in this case.

This court will not allow defendant to use his self-imposed absence as a sword and a shield in this case. A defendant may not impede the administration of justice by absenting himself and then claim benefit from his failure to present himself. See People v. Box, 260 Ill. App. 3d 803, 805 (1994). It is well established that an appellate court may dismiss the appeal of a criminal defendant who is a fugitive from justice during the pendency of his appeal. People v. Taylor, 247 Ill. App. 3d 321, 322 (1993). Under the "disentitlement" theory, a defendant's flight during the pendency of an appeal is construed as tantamount to waiver or abandonment of his claims (see Taylor, 247 Ill. App. 3d at 325) and " 'disentitles the defendant to call upon the resources of the Court for determination of his claims.' " See

<u>Taylor</u>, 247 Ill. App. 3d at 322, quoting <u>Molinaro v. New Jersey</u>, 396 U.S. 365, 366, 24 L. Ed. 2d 586, 587-88, 90 S. Ct. 498, 498-99 (1970). Defendant has impeded the course of this case, leaving the third petition to revoke unresolved and asking this court for relief that cannot be properly granted in his absence. We find this to be an appropriate case for application of the fugitive dismissal rule, and we dismiss the appeal.

Appeal dismissed.

BOWMAN and HUTCHINSON, JJ., concur.