# Illinois Official Reports

## Appellate Court

---

### *People v. Sanabria*, 2021 IL App (1st) 190827

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GERMAN SANABRIA, Defendant-Appellant. |
| District & No. | First District, Second Division<br>No. 1-19-0827 |
| Filed | June 29, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 87-CR-2106; the Hon. William B. Raines, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | James E. Chadd, Douglas R. Hoff, and Benjamin Wimmer, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Mari R. Hatzenbuehler, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE COBBS delivered the judgment of the court, with opinion.<br>Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a jury trial at which he was tried *in absentia*, defendant-appellant German Sanabria was convicted of possession of a controlled substance with intent to deliver (Ill. Rev. Stat. 1985, ch. 56½, ¶ 1401(a)(2)) and sentenced *in absentia* to 30 years' imprisonment. He now appeals from a judgment summarily dismissing his *pro se* petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). Defendant argues that his petition made an arguable claim of ineffective assistance of counsel based on counsel's failure to file the record or a brief after filing a notice of appeal, which caused the appeal to be dismissed for want of prosecution. For the following reasons, we reverse and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3    In 1987, defendant was charged with possession of more than 30 grams of cocaine with the intent to deliver. Defendant hired private counsel, Ken del Valle, to represent him, and he was released on a $100,000 bond prior to trial.

¶ 4    A jury trial began on February 1, 1989. Defendant did not appear in court that day, and the trial court issued a warrant for his arrest. The trial continued in his absence, and the jury returned a guilty verdict *in absentia*. On February 17, 1989, trial counsel filed a motion for a new trial, which was denied. On March 16, 1989, the trial court sentenced defendant *in absentia* to 30 years' imprisonment.

¶ 5    On March 30, 1989, attorney del Valle requested an award of attorney fees out of defendant's bail deposit, which was granted.

¶ 6    On April 17, 1989, attorney del Valle filed a notice of appeal in this court on defendant's behalf, naming himself as the attorney of record. On the notice, attorney del Valle indicated that defendant's address was "unknown," and he was "tried *in absentia*." He further noted that "[defendant] left after first day of trial" and "his location is unknown to me." Over six months later, on November 28, 1989, this court entered the following order:

          "It appearing the appellant has failed to file the record in compliance with Supreme
          Court Rules; It is therefore ordered that this appeal is dismissed for want of
          prosecution."

¶ 7    On August 1, 2017, a warrant for defendant's arrest was executed, and a public defender was appointed to represent him. On August 18, 2017, the trial court issued a mittimus in accordance with defendant's sentence, and his prison sentence began.

¶ 8    Defendant filed two notices of appeal with the trial court in 2018, both of which were deemed by the presiding judge of the criminal division in the circuit court to be untimely and, therefore, not transmitted to this court.

¶ 9    On December 27, 2018, defendant filed a *pro se* petition in the trial court labeled, "*Pro-Se* Petition for Post-Conviction Relief." In his petition, defendant characterizes the petition as filed "pursuant to 725 ILCS 5/122-1." However, in the body of his petition, he also cites to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)).

¶ 10   In the petition, defendant argues that his counsel was ineffective for failing to pursue his direct appeal in this court, which led to it being dismissed for want of prosecution. He asserts that he "discovered the adverse consequences of his trial when the public defender who

represented him after he were [*sic*] handed over by [United States Immigration and Customs Enforcement] did not file a motion for new trial" pursuant to section 115-4.1(e) of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-4.1(e) (West 2016)). He maintains that he must be granted a new trial or new sentencing hearing if he "can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control." See *id.* He additionally alleges that counsel was ineffective for failing to file a motion for new trial when he "wanted to appeal and told the public defender." Finally, he asserts that attempts to locate the "common law record, as granted by Judge Matthew E. [Coghlan] was to no avail."

¶ 11 On March 13, 2019, the trial court entered an order dismissing the petition. In its ruling, the court found that defendant was not entitled to relief under section 2-1401 of the Code because defendant was able to seek relief under the Act. The court then found that defendant could not prevail under the Act because he did not demonstrate that his counsel's performance was arguably deficient where (1) he did not instruct his counsel to appeal, (2) counsel had no duty to consult with defendant due to his absence, and (3) defendant's absence from trial did not demonstrate that he desired to appeal. The court also found that defendant was not arguably prejudiced because he would have needed to reveal his location in order to pursue a direct appeal. As to defendant's claim that counsel was ineffective for failing to file a motion for a new trial pursuant to section 115-4.1(e) of the Code of Criminal Procedure of 1963 (*id.* § 115-4.1(e)), the court again found that defendant's allegations did not demonstrate that counsel was arguably deficient.

¶ 12 This appeal followed.

¶ 13 II. ANALYSIS

¶ 14 Defendant's sole claim on appeal is that attorney del Valle was ineffective for failing to pursue a direct appeal on his behalf, which resulted in this court dismissing the appeal for want of prosecution. The State argues that counsel was not arguably deficient nor was defendant arguably prejudiced where defendant had absconded prior to trial and did not reappear until 2017. Thus, defendant could not have directed counsel to pursue the appeal, and even if counsel had pursued it, this court would have dismissed the appeal under the fugitive dismissal rule. The State further points out that defendant failed to attach an affidavit to support his claim as required under the Act.

¶ 15 A. Standard of Review

¶ 16 The Act provides a method for a defendant to collaterally attack a conviction by asserting that it resulted from a "substantial denial" of his constitutional rights. *Id.* § 122-1(a)(1); *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). A postconviction proceeding in a noncapital case has three stages. *Hodges*, 234 Ill. 2d at 10. Relevant here are the principles that apply at the first stage.

¶ 17 At the first stage, more often than not, the petition for postconviction relief is drafted by a *pro se* defendant. *Id.* at 9. For that reason, the threshold for survival is low, and the defendant is only required to allege enough facts to make out a claim that shows the "gist" of a constitutional claim. *Id.*

¶ 18 Within 90 days of its filing, the trial court may summarily dismiss a petition determined to be "frivolous" or "patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016). A petition is frivolous or patently without merit only when it "has no arguable basis either in law or in

fact." *Hodges*, 234 Ill. 2d at 11-12. A petition has no arguable basis in law or fact where it is "based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* at 16. Additionally, a defendant's claim is considered frivolous or patently without merit if it is procedurally barred under either *res judicata* or forfeiture. *People v. Blair*, 215 Ill. 2d 427, 445 (2005).

¶ 19       We review *de novo* the summary dismissal of a defendant's postconviction petition. *People v. Allen*, 2015 IL 113135, ¶ 19. Meaning, we need not defer to the trial court's judgment or reasoning; our review is completely independent of the trial court's decision. *People v. McDonald*, 2016 IL 118882, ¶ 32.

¶ 20                        B. Ineffective Assistance of Counsel

¶ 21       The right to appeal a criminal conviction is fundamental. *People v. Salem*, 2016 IL 118693, ¶ 23. Like at trial, criminal defendants also have a constitutional right to effective assistance of counsel on appeal. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. Claims of ineffective assistance of counsel on appeal are cognizable under the Act. *People v. Mack*, 167 Ill. 2d 525, 531 (1995). Further, a postconviction claim of ineffective assistance of counsel based on the failure of counsel to perfect an appeal implicates both the right to counsel on appeal, as well as the right to appeal itself. *People v. Ross*, 229 Ill. 2d 255, 268 (2008).

¶ 22       Generally, to prevail on a claim of ineffective assistance of counsel, we apply the test first set out in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by the Illinois Supreme Court in *People v. Albanese*, 104 Ill. 2d 504 (1984). At first stage postconviction proceedings, a claim of ineffective assistance of trial counsel can only survive summary dismissal if "(i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17. Extending *Strickland* to cases alleging defense counsel's failure to perfect an appeal, the United States Supreme Court in *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000), held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Consistent with *Flores-Ortega*, in *People v. Edwards*, 197 Ill. 2d 239, 252 (2001), our supreme court announced the "presumption of prejudice plus" test. Accordingly, when appellate counsel fails to perfect an appeal, prejudice is presumed, but the defendant is additionally required to demonstrate that counsel's deficient performance " 'actually cause[d] the forfeiture of the defendant's appeal.' " *Id.* at 252 (quoting *Flores-Ortega*, 528 U.S. at 484).

¶ 23       Some years prior to its decision in *Edwards*, the court considered whether claims of lost appeal rights, similar to the claim presented here, should be presented within the framework of a postconviction proceeding or in a motion for reinstatement. See *People v. Moore*, 133 Ill. 2d 331 (1990). The State argued in opposition of a motion for reinstatement. *Id.* at 335-36. The court held, however, that where the defendant's appeal rights had been forfeited due to no fault of his own, the defendant's attempts at reinstatement had been futile, and there were no complex issues to be resolved, a motion for reinstatement in the appellate court was appropriate. *Id.* at 339-41. The court opined that

> "[a]lthough a post-conviction proceeding can, and should, be utilized in certain circumstances as a remedy for a lost right of appeal, where [a postconviction proceeding] is used [as a remedy for a lost right of appeal], no showing of prejudice is

- 4 -

required where counsel failed to perfect defendant's appeal. Prejudice is presumed." *Id.* at 339.

¶ 24 The narrow issue before us is whether, in this first stage postconviction proceeding, defendant has set out the gist of a constitutional claim. Here, without question, defense counsel filed a notice of appeal on behalf of defendant. On the notice, he identified himself as "counsel of record." The characterization is significant as it identifies counsel as the agent, acting on behalf of the defendant. Six months subsequent to that filing, the appeal was dismissed for want of prosecution. As the attorney of record, notice of the court's dismissal would have been sent to counsel and not to defendant. See Illinois Supreme Court Rule 11(a) (eff. Jan. 26, 2021) ("If a party is represented by an attorney of record, service shall be made upon the attorney."). Yet counsel filed no motion to vacate the order of dismissal.

¶ 25 In its brief on appeal and again at oral argument, the State argues that defendant's appeal was dismissed due to defendant's own conduct. We note, however, that counsel was the attorney of record at the time the appeal was dismissed. It was his responsibility to either withdraw or to prosecute the appeal. He did neither. See *People v. Mims*, 82 Ill. 2d 63, 65 (1980).

¶ 26 We believe that defendant has met his initial burden and that summary dismissal of the petition was in error. That said, it remains that, under *Edwards*, defendant must demonstrate that counsel's performance actually caused the forfeiture of his appeal, a factual determination best suited for the trial court.

¶ 27 We are, without question, struck by defendant's absence from the jurisdiction for some 18 years. However, neither the passage of time nor defendant's absence are dispositive on the narrow issue before us. In our review, we must be mindful that " '[a] system of appeal as of right is established precisely to assure that only those who are validly convicted have their freedom drastically curtailed. A State may not extinguish this right because another right of the appellant—the right to effective assistance of counsel—has been violated.' " *Moore*, 133 Ill. 2d at 337 (quoting *Evitts v. Lucey*, 469 U.S. 387, 399-400 (1985)). Absent the opportunity to present his evidence, we have no basis upon which to definitively assess fault either to defendant or to counsel. That determination has yet to be made, and summary dismissal of defendant's first stage postconviction petition stands as an untenable bar to the necessary findings.

¶ 28 Steadfast in its support of dismissal, the State argues that there was no error because defendant's appeal would have been dismissed under the "fugitive dismissal rule." Under the rule, the appellate court may dismiss an appeal brought by a fugitive defendant until and unless the defendant is returned to custody. See *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239-40 (1993). Importantly, it is not mandatory for an appellate court to dismiss an appeal where the defendant is a fugitive. *People v. Partee*, 125 Ill. 2d 24, 37 (1988). Rather, the appellate court "has the discretionary power to refuse to hear a fugitive's appeal unless and until the fugitive returns to the jurisdiction." *Id.*; see also *People v. Dupree*, 339 Ill. App. 3d 512, 518 (2003). We note as an aside that such dismissals are without prejudice, and the appeal is subject to reinstatement upon proper motion. *People v. Vasquez*, 339 Ill. App. 3d 546, 552 (2003).

¶ 29 The fugitive dismissal rule was first applied by the United States Supreme Court in *Smith v. United States*, 94 U.S. 97 (1876) and extended to the states in *Allen v. Georgia*, 166 U.S. 138, 140-42 (1897). In *Smith*, a defendant was a fugitive at the time his petition came before

the Court, and the Court dismissed the petition because there was no assurance that the outcome would be enforceable. 94 U.S. at 97-98. Several rationales have been advanced in support of the rule, namely, (1) the importance of an enforceable judgment, (2) the existence of waiver or abandonment based on flight, (3) the advancement of the efficient operation of courts by deterring escape, and (4) the avoidance of prejudice to the government. *Ortega-Rodriguez*, 507 U.S. at 239-43. Courts in Illinois have traditionally recognized the rule as one granting discretion to the appellate court to refuse to hear a fugitive's appeal. See *Partee*, 125 Ill. 2d at 37.

¶ 30    An additional rationale for dismissal has been characterized as the disentitlement doctrine or theory. See *People v. Taylor*, 247 Ill. App. 3d 321, 322 (1993). Genesis of the doctrine is found in *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970) (*per curiam*). In *Molinaro*, the Court dismissed the appeal of a fugitive defendant, holding that the defendant's status as a fugitive disentitled him from calling upon the resources of the court for a determination of his claims. *Id.*; see also *Allen*, 166 U.S. at 142 (holding that the defendant suffered no due process violation where the state court dismissed his appeal under the fugitive disentitlement doctrine and subsequently refused his motion to reinstate upon his later recapture).

¶ 31    No motion to reinstate has been filed in this case. We hasten to add that upon defense counsel's filing of this appeal, notice of which was also provided to the State, no motion to dismiss was then filed in this court by the State based on defendant's fugitive status. Thus, this court has not spoken on the matter of defendant's fugitive status as it relates to appeal.

¶ 32    The State invites our attention to *People v. Parada*, 2020 IL App (1st) 161987, as instructive. Defendant argues that not only is *Parada* inapposite, but it was also wrongly decided. Given the parties' positions, we deem it appropriate to set out the facts of the case in detail.

¶ 33    In *Parada*, the defendant was arrested and charged with possession of a controlled substance, with intent to deliver. *Id.* ¶ 3. During pretrial and again, upon the defendant's request to leave the jurisdiction, the trial court admonished defendant regarding trial *in absentia*. *Id.* ¶ 4. The defendant was present and testified at trial. *Id.* ¶ 5. However, he failed to return for the reading of the verdict or for sentencing, and he was found guilty and sentenced *in absentia*. *Id.*

¶ 34    On December 18, 2000, defense counsel timely filed a notice of appeal. *Id.* ¶ 6. In the notice, counsel indicated that the defendant was a fugitive. *Id.* Eight months later, the appellate court dismissed the appeal. *Id.* The dismissal order read as follows:

> " 'This cause coming to be heard on the Court's own motion. It appears that when Appellant's notice of appeal was filed, he was a fugitive. As no docketing statement, no record on appeal, and no brief have been filed, the Appellant's appeal is dismissed for want of prosecution.' " *Id.*

¶ 35    In December 2009, subsequent to being extradited to Illinois, the defendant filed a motion to reinstate his appeal. *Id.* ¶ 7. Following the State's response, the defendant's motion was denied. No appeal was taken from the denial. *Id.* However, in 2010, the defendant filed a *pro se* postconviction petition in which he alleged counsel's ineffective assistance for abandoning the appeal. *Id.* ¶ 8. The trial court appointed counsel and advanced the petition to the second stage. *Id.*

¶ 36 In the petition, as amended, the defendant maintained that counsel's conduct in failing to avoid dismissal of the appeal fell below the reasonable standard of competence of counsel and that prejudice may be presumed. *Id.* ¶ 10. Attached to the petition was the defendant's affidavit, in which he averred that counsel had agreed to represent him during his appeal and that he believed that counsel was pursuing the same. *Id.* On the State's motion, the petition was dismissed, and the defendant appealed. *Id.* ¶¶ 11-12.

¶ 37 On appeal, the defendant continued to advance his ineffective assistance claim based on counsel's failure to "file a docketing statement, the record on appeal, and a brief" that resulted in dismissal of his appeal. *Id.* ¶ 19. In response, the State argued that the petition was properly dismissed because the defendant "suffered no prejudice as a result of his counsel's conduct where the reviewing court would have dismissed the appeal due to his fugitive status." *Id.*

¶ 38 In affirming the trial court's dismissal, a different division of the First District opined that the loss of his direct appeal was solely the defendant's fault. *Id.* ¶ 26. Therefore, the court concluded, the defendant was not prejudiced "where his voluntary status as a fugitive caused the dismissal of the appeal." *Id.* The court noted that the dismissal order expressly noted the defendant's fugitive status and that the appeal was not dismissed for eight months, which gave the defendant ample time to avail himself of the appeals process. *Id.* ¶ 27.

¶ 39 Here, as in *Parada*, the State argues that defendant was not prejudiced by counsel's actions "because the appellate court would have dismissed the appeal based on the defendant's fugitive status anyways." The statement seems to us, in the first instance, presumptuous. No facts have been developed and no evidence presented that would inform that decision. Again, the fugitive dismissal rule is one of discretion, which suggests to us that there might be some basis presented upon which to allow the appeal, notwithstanding defendant's seeming reckless abandonment. Rather than conclude that the court would dismiss the appeal "anyways," we think due process considerations should prevail, which require, in every instance, an opportunity to be heard. Even a willfully absent defendant retains some of the procedural rights of a present defendant. *Partee*, 125 Ill. 2d at 31.

¶ 40 Moreover, we find more than a few reasons to part ways with *Parada*; the first and foremost being that the case is factually inapposite. Unlike this case, *Parada* is a second stage postconviction proceeding. Secondly, the court's dismissal order in *Parada* differs markedly from the order entered here. In *Parada*, it appears that dismissal was based, in part, on the defendant's fugitive status. Here, although counsel indicated in the notice his lack of knowledge concerning defendant's whereabouts, the court's dismissal order simply indicates that dismissal was for want of prosecution. We would point out that either basis, want of prosecution or fugitive status, could serve as a basis for dismissal. The point being, had the court in this case been so inclined, it could have dismissed on the basis of defendant's fugitive status. In *Parada*, the court indicated two reasons; here, the court indicated want of prosecution only.

¶ 41 The State additionally argues that there is no evidence that defendant directed trial counsel to file an appeal and, in light of defendant's absence, counsel was merely acting in the most prudent manner. Indeed, at oral argument, the State characterized counsel's filing of the notice of appeal as no more than a ministerial act. For reasons which we explain here, absent evidence to the contrary, we presume that counsel acted on the direction of and consistent with defendant's wishes.

¶ 42    That counsel filed the appeal and identified himself as "counsel of record" raised the presumption that he was acting on defendant's behalf, not the opposite. Although there might be evidence to rebut that presumption, none has been presented in this case at this stage of the proceeding. Our presumption is supported by our interpretation of those rules that govern all Illinois attorneys' conduct. Specifically, Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) requires that "[e]very pleading, motion[,] and other document of a party represented by an attorney shall be signed by at least one attorney of record." To conclude that counsel was not authorized to sign defendant's notice of appeal would suggest a violation of not only Rule 137 but also the Illinois Rules of Professional Conduct of 2010, which require an attorney's candor in communicating with a tribunal. See Ill. R. Prof'l Conduct (2010) R. 3.3 (eff. Jan. 1, 2010) (a lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer); see also *Hernandez v. Williams*, 258 Ill. App. 3d 318, 320-21 (1994). Further, one becomes an attorney of record in a case by filing an appearance or other pleading with the court. See *Jayko v. Fraczek*, 2012 IL App (1st) 103665, ¶ 26 (citing *Firkus v. Firkus*, 200 Ill. App. 3d 982, 990 (1990)).

¶ 43    Further, if we are to summarily conclude that dismissal of the appeal was caused by defendant's absence, as the State entreats us, his absence then, should have resulted in no notice of appeal being filed in the first place. Significantly, in the notice of appeal, counsel indicated that he was unaware of defendant's whereabouts, not that he was out of communication with him. Moreover, accepting defendant's allegations as not only true but also liberally construed, as we must (see *Edwards*, 197 Ill. 2d at 244), he asserts in his petition that "the public defender was ineffective for failing to file a motion for new trial, when petitioner wanted to appeal and told the public defender."[1]

¶ 44    Finally, we perceive the State's characterization of the filing of the notice of appeal as "ministerial" to mean that it was done merely as a matter of routine, as the absent defendant could not have requested that counsel do so. First, there is absolutely no evidence that defendant failed to consult with counsel. In fact, as we noted above, defendant alleges that he told the "public defender" that he wished to appeal. Second, to the extent the State has drawn the characterization from the Court's opinion in *Flores-Ortega*, it has taken the Court's language completely out of context.

¶ 45    The issue presented in *Flores-Ortega* was whether counsel's failure to file notice of appeal, if requested to do so by counsel, was presumptively prejudicial. In context, the Court held that an attorney who disregards specific instruction from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Id.* "Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a *purely ministerial task*, and the failure to file reflects inattention to the defendant's wishes." (Emphasis added.) *Id.*

---

[1]Throughout his petition, defendant refers to the public defender; however, the notice of appeal was filed by private counsel Ken del Valle. Thus, it is unclear to us whether defendant's identification of the public defender as counsel is correct, a matter that is properly resolved in the trial court upon remand.

¶ 46     Finally, we turn to the petition's lack of supporting documentation. In its brief, the State specifically points out that the defendant's petition in *Parada* was accompanied by an affidavit from the defendant, which is likely why the petition was advanced to the second stage, whereas defendant here did not include an affidavit. The record in *Parada* is not before us, and we decline to engage in speculation regarding the trial court's rationale in dismissing the defendant's second stage postconviction petition. And again, because our review is *de novo*, neither does it matter.

¶ 47     Nevertheless, and as the State correctly notes, defendant has failed to comply with the pleading requirements of the Act. Other than his verification affidavit, no other affidavit is included in the record. Defendant argues that it was not necessary for him to include such an affidavit because of the lower standard for first stage proceedings for a *pro se* petition. He claims that implicit in counsel's filing a notice of appeal was that he was directed to do so because "counsel is only *supposed* to file a notice of appeal at a client's request and that it was not necessary for him to explicitly state that he directed counsel to pursue an appeal at this stage." (Emphasis original.)

¶ 48     Section 122-2 of the Act requires that "[t]he petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2016). The purpose of a section 122-2 affidavit is to demonstrate that the allegations can be objectively and independently corroborated. *People v. Collins*, 202 Ill. 2d 59, 67 (2002). "A postconviction petition that is not properly supported by affidavits or other evidence is dismissed without an evidentiary hearing unless the petitioner's allegation stands uncontradicted and is clearly supported by the record." *People v. Carr*, 407 Ill. App. 3d 513, 516 (2011) (citing *People v. Johnson*, 183 Ill. 2d 176, 191 (1998)). Consequently, the failure to either attach the necessary " 'affidavits, records, or other evidence' or explain their absence is 'fatal' to a post-conviction petition [citation] and by itself justifies the petition's summary dismissal." *Collins*, 202 Ill. 2d at 66; see also *People v. Delton*, 227 Ill. 2d 247, 258 (2008) (same).

¶ 49     We know of no lower standard regarding the affidavit requirement for first stage postconviction petitioners. That said, our supreme court has identified, in limited circumstances, bases upon which the Act's affidavit requirement may be relaxed. In *People v. Hall*, the court stated that "[f]ailure to attach independent corroborating documentation or explain its absence may *** be excused where the petition contains facts sufficient to infer that the only affidavit the defendant could have furnished, other than his own sworn statement, was that of his attorney." 217 Ill. 2d 324, 333 (2005); see also *People v. Williams*, 47 Ill. 2d 1, 4 (1970) (where the only affidavit that the petitioner could have furnished, other than his own statement, would have been that of his attorney, the Act's affidavit requirement was relaxed).

¶ 50     In any case, the Act's affidavit requirement provides some assurance that the allegations in the petition can be objectively and independently corroborated. Although we intend no general relaxation of the Act's pleading requirement, we believe excusal is appropriate here. Here, defendant alleged that his defense attorney failed to pursue his appeal and the appeal was, therefore, dismissed. The record reveals that counsel, in fact, filed a notice of appeal and that this court dismissed the same for want of prosecution. We believe that the allegations are sufficiently supported by the record, even in the absence of an affidavit and that, therefore, dismissal is not warranted on that basis.

¶ 51    In sum, whether the defendant's appeal will or will not be dismissed under the fugitive dismissal rule is an issue that rests for a decision entirely with the appellate court, when and if a properly filed motion to reinstate is filed. We express no opinion on the court's disposition on a not-yet-filed motion. The only issue before us is whether the defendant has set out the gist of a constitutional claim sufficient to defeat summary dismissal of his first stage postconviction petition. Caselaw is clear. Where counsel's performance deprives a defendant of an appeal that he would otherwise have taken, counsel's conduct reflects an inattention to the defendant's wishes and "prejudice [is] presumed." *Ross*, 229 Ill. 2d at 262; *Flores-Ortega*, 528 U.S. at 477, 484. Thus, it appears to us that defendant has met his burden. Accordingly, we hold the trial court's summary dismissal of his petition to have been error.

¶ 52    In the interest of clarity, we note that our holding is limited to the specific issue before us. We do not hold that defendant is entitled to an evidentiary hearing. Such an entitlement will require that defendant make a substantial showing that the cause of his lost appeal was due to counsel's ineffective assistance. See *Edwards*, 197 Ill. 2d at 246.

¶ 53                                III. CONCLUSION

¶ 54    For all of the foregoing reasons, we reverse the judgment of the circuit court and remand this matter for further proceedings.

¶ 55    Reversed and remanded.