2021 IL App (1st) 200166-U

No. 1-20-0166

Order filed December 7, 2021

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 12274 |
| | ) | |
| ANTHONY STEPHENSON, | ) | Honorable |
| | ) | Diane Gordon Cannon, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Lavin and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse the circuit court's summary dismissal of defendant's *pro se* postconviction petition, where defendant stated the gist of a claim that his plea counsel provided ineffective assistance by failing to file a motion to withdraw his guilty plea despite defendant's request and counsel's agreement to do so.

¶ 2    Defendant Anthony Stephenson appeals from the summary dismissal of his *pro se* petition

for relief filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West

2020)). On appeal, he alleges that the circuit court erred in summarily dismissing his petition because he stated the gist of a claim that his plea counsel was ineffective for failing to file a motion to withdraw his guilty plea. We reverse and remand.

¶ 3    Defendant was charged by indictment with one count of armed habitual criminal (AHC), two counts of aggravated discharge of a firearm, four counts of unlawful use or possession of a weapon by a felon (UUWF), and four counts of aggravated unlawful use of a weapon premised on an incident in Chicago on March 22, 2016. He agreed to plead guilty to one count of AHC, and the State *nol-prossed* the remaining counts.

¶ 4    At the plea hearing on July 12, 2018, the circuit court admonished defendant that he could receive up to a 30-year sentence and that the agreed sentence was 15 years for AHC. Defendant confirmed that he understood he was giving up his right to a trial, that he had signed a jury waiver relinquishing his right to a jury trial, and that he understood what a jury trial is. He also confirmed that he had not been promised anything else in order to plead guilty and no one had threatened him.

¶ 5    The factual basis supporting defendant's guilty plea established that on March 22, 2016, at about 2 p.m., in an alley at the 7700 block of North Paulina Street, Lyntrell Armstead and Jackson approached defendant.[1] Defendant retrieved a semiautomatic handgun and fired at Armstead and Jackson. Officers responded to the scene, recovered surveillance footage of the incident, and arrested defendant. Armstead identified defendant from a photo array as the person who pointed the firearm in the alley. Defendant had previously been convicted of armed robbery and UUWF.

---

[1] Jackson's first name does not appear in the record.

¶ 6    The court accepted defendant's guilty plea and sentenced him to 15 years' imprisonment. Defendant did not file a motion to withdraw his guilty plea or a direct appeal.

¶ 7    On October 1, 2019, defendant filed a *pro se* postconviction petition under the Act, alleging that his plea counsel provided ineffective assistance by failing to file a motion to withdraw his guilty plea despite his specific request that counsel do so. Defendant alleged that following the entry of his guilty plea, he asked counsel to file a motion to withdraw his guilty plea. Counsel asked why, and defendant responded he "felt he had no choice" but to plead guilty because counsel "refused" to file a motion to quash his arrest as defendant requested. When counsel stated he found no reason to bring a motion to quash, defendant told his counsel the police had no probable cause to arrest him and no warrant. Counsel then "informed [defendant] that he'll file the motion to withdraw." Defendant later learned neither the motion nor a notice of appeal was filed. Defendant asserted that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," and the defendant "is entitled to a new appeal without showing that his appeal would likely have had merit," citing *Rodriguez v. United States*, 395 U.S. 327 (1969).

¶ 8    Defendant additionally alleged that his counsel provided ineffective assistance by failing to file a motion to quash his arrest despite defendant's request. Defendant argued his arrest was unconstitutional because it was based on an investigative alert and not an arrest warrant, and police had no probable cause for his arrest.

¶ 9    In support of his petition, defendant filed a notarized affidavit, averring that prior to entering his guilty plea, he requested his counsel to file a "motion to quash arrest" because he was arrested without a warrant, but counsel told him there was no ground for the motion. Defendant

then "felt [he] had no choice but to enter a plea." He further averred, "[u]pon entering the plea, I had a conversation with counsel in the bullpen area of the jail and inform[ed] counsel I wanted to withdraw my plea." Counsel asked him why, and defendant explained that "it felt force[d]" because counsel failed to file the motion to quash.

¶ 10    On December 10, 2019, the circuit court entered a written order summarily dismissing defendant's petition as frivolous and patently without merit. The court found defendant did not claim his guilty plea was involuntary or unknowing and did not claim to have relied on counsel's advice regarding the likelihood of success of a motion to quash. Rather, the court found that defendant specifically stated he disagreed with plea counsel's advice but pleaded guilty anyway. The court acknowledged the supreme court's holding in *People v. Edwards*, 197 Ill. 2d 239 (2001), that, where a petitioner asserts in first-stage postconviction proceedings that his attorney failed to withdraw his plea and file an appeal, a petitioner need not set forth a successful basis for moving to withdraw the plea or appeal. However, the circuit court found *Edwards* inapplicable because defendant did set forth a basis for withdrawing his plea, and that basis was without merit. The court also found that, in pleading guilty, defendant waived his constitutional claim that counsel was ineffective for failing to file a motion to quash.

¶ 11    On appeal, defendant argues the circuit court erred in summarily dismissing his petition as he stated the gist of a constitutional claim that his counsel failed to file a motion to withdraw his guilty plea, despite agreeing to file the motion after defendant's request.

¶ 12    The Act provides a three-stage method for persons under criminal sentence to "assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Hodges*, 234 Ill. 2d 1, 9-10 (2009). The

circuit court summarily dismissed defendant's postconviction petition at the first stage. At the first stage of postconviction proceedings, "[t]he allegations of the petition, taken as true and liberally construed, need only present the gist of a constitutional claim." *People v. Brown*, 236 Ill. 2d 175, 184 (2010). This standard presents a "low threshold," and "[a] petitioner need present only a limited amount of detail and is not required to include legal argument or citation to legal authority." (Internal quotation marks omitted.) *Id.*

¶ 13 The Act authorizes the circuit court to summarily dismiss a petition at the first stage through a written order where "the court determines the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018). A postconviction petition is "frivolous or patently without merit" where it "has no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 11-12. A petition lacks an arguable basis in law or in fact where it "is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* at 16. "An example of an indisputably meritless legal theory is one which is completely contradicted by the record," and "[f]anciful factual allegations include those which are fantastic or delusional." *Id.* at 16-17. We review *de novo* the summary dismissal of a postconviction petition. *People v. Tate*, 2012 IL 112214, ¶ 10.

¶ 14 We agree with defendant that the circuit court erred in summarily dismissing his postconviction petition as he stated the gist of a constitutional claim that his counsel was ineffective for failing to file a motion to withdraw his guilty plea after agreeing to do so.

¶ 15 Under the sixth amendment to the United States Constitution (U.S. Const., amend. VI), a criminal defendant has the right "to effective assistance of trial counsel at all critical stages of the criminal proceedings, including the entry of a guilty plea." *People v. Brown*, 2017 IL 121681, ¶ 25. To prevail on an ineffective assistance claim, a defendant must establish that (1) "counsel's

performance was objectively unreasonable under prevailing professional norms," and (2) "there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v. Cathey*, 2012 IL 111746, ¶ 23 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). At the first stage of postconviction proceedings, "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." (Emphases and internal quotation marks omitted.) *Tate*, 2012 IL 112214, ¶ 19.

¶ 16 Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) provides that no appeal upon a negotiated guilty plea shall be taken unless the defendant first files in the trial court a motion to withdraw the plea of guilty and vacate the judgment. If the motion is granted, the trial court is to vacate the judgment and permit the defendant to withdraw the plea of guilty and plead anew or go to trial. *Id.* If it is denied, the defendant may file a notice of appeal within 30 days after the entry of the order denying the motion. *Id.*; Ill. S. Ct. R. 606 (eff. July 1, 2017) (30-day period).

¶ 17 In his postconviction petition, defendant alleged he asked plea counsel to file a motion to withdraw the guilty plea, counsel stated he would file the motion, and counsel then failed to file the motion. These allegations are not rebutted by the record on appeal. Taking them as true and construing them liberally, as we must (*Brown*, 236 Ill. 2d at 184), we find defendant stated the gist of an ineffective assistance of counsel claim. Filing of a Rule 604(d) motion to withdraw is a procedural requirement for bringing a direct appeal. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Thus, counsel's failure to file the motion to withdraw the guilty plea as he agreed to do resulted in

forfeiture of defendant's right to appeal his plea, falling short of competent representation. See *People v. Wilk*, 124 Ill. 2d 93, 105 (1988); *Edwards*, 197 Ill. 2d at 253-54.

¶ 18     At the first stage of postconviction proceedings brought by a *pro se* defendant, prejudice is presumed from trial counsel's failure to file a requested motion to withdraw a guilty plea. *Edwards*, 197 Ill. 2d at 253. Thus, defendant was not required to establish that any motion to withdraw or subsequent direct appeal would have been successful. *Id*. at 254-56 (at the first stage of postconviction proceedings, a *pro se* defendant "cannot be expected to specify the grounds for [his] appeal and show that they have some merit" (internal quotation marks omitted) and need not set forth a reason for moving to withdraw a guilty plea). Because filing a Rule 604(d) motion to withdraw is a procedural requirement for bringing a direct appeal, to place a burden upon a *pro se* defendant to recognize errors in the plea process in order to survive summary dismissal "would inevitably result in certain defendants being improperly denied *any* meaningful review of plea proceedings, despite the constitutional right to a direct appeal." (Emphasis in original.) *Id.* at 254.

¶ 19     The State asserts that *Edwards* was based on the fact that the record did not show that the defendant's plea counsel consulted with the defendant about filing a motion to withdraw. See *Edwards*, 197 Ill. 2d at 253-54. Therefore, the State urges that we find *Edwards* inapplicable because here defendant specifically alleged that he consulted his attorney about withdrawing his plea.

¶ 20     We are not persuaded by the State's argument, as defendant alleged that his counsel actually agreed to file a motion to withdraw but never did so. In other words, defendant does not claim that his counsel consulted with him and made the decision that a motion to withdraw would not succeed. Rather, he claims that counsel stated he would file a motion to withdraw but failed to

do so. As mentioned, we must take defendant's allegations as true at the first stage of postconviction proceedings. *Brown*, 236 Ill. 2d at 184. Necessarily, if counsel agreed to file a motion to withdraw, counsel determined there was possible merit to such a motion, whether on defendant's claimed ground or another ground. Counsel's failure to then file the motion was arguably unreasonable and prejudicial to defendant.

¶ 21    The State also argues that *Edwards* is inapplicable here because the defendant in *Edwards* alleged no grounds for withdrawing his plea, while here defendant did articulate a reason for withdrawing his plea, and that reason lacked merit. However, as the court in *Edwards* recognized, a *pro se* defendant cannot be expected to "recognize both legal and factual errors in the plea process in order to survive summary dismissal on post-conviction." *Id.* at 254; see also *People v. Niffen*, 2018 IL App (4th) 150881, ¶¶ 7, 17-18 (applying *Edwards* and reversing the circuit court's summary dismissal of the defendant's petition, where the defendant alleged that his counsel failed to file a motion to withdraw his negotiated guilty plea after the defendant requested that counsel do so based on issues with his sentence and the factual basis for his plea).

¶ 22    We note that defendant attached to his petition only his own affidavit in support of his allegation that he requested counsel to file a motion to withdraw the guilty plea, and no other supporting documentation. Pursuant to section 122-2, allegations in a postconviction petition must be supported by affidavits, records, or other evidence, and if documentation is not attached, the petition must explain why it is unavailable. 725 ILCS 5/122-2 (West 2018). The purpose of section 122-2 is to show that the allegations in a postconviction petition are capable of objective or independent corroboration. *People v. Hall*, 217 Ill. 2d 324, 333 (2005). Defendant's own affidavit cannot provide independent corroboration of his postconviction allegations (*People v. Teran*, 376

Ill. App. 3d 1, 4 (2007)), and his petition does not explain why he presented no supporting documentation as required by section 122-2.

¶ 23    However, "[f]ailure to attach independent corroborating documentation or explain its absence may *** be excused where the petition contains facts sufficient to infer that the only affidavit the defendant could have furnished, other than his own sworn statement, was that of his attorney." *Hall*, 217 Ill. 2d at 333. Such an inference arises here, where the allegations in defendant's postconviction petition and affidavit demonstrate the ineffective assistance of counsel claim arose from private consultations between defendant and plea counsel. The only possible independent corroborating documentation would be an affidavit from defendant's own attorney, and the difficulty or impossibility of obtaining such an affidavit is self-apparent. *People v. Williams*, 47 Ill. 2d 1, 4 (1970). Thus, defendant's failure to comply with section 122-2 by providing objective or independent corroboration is excused, and does not warrant summary dismissal of his postconviction claim. *People v. Sanabria*, 2021 IL App (1st) 190827, ¶ 49 (recognizing the exception set forth in *Hall* in the first stage of proceedings under the Act).

¶ 24    Accordingly, we find that defendant stated the gist of a constitutional claim that his counsel provided ineffective assistance by failing to file a motion to withdraw his guilty plea and preserve his right to appeal. The circuit court erred in summarily dismissing defendant's postconviction petition at the first stage of postconviction proceedings, and we remand for second stage proceedings. As the *Edwards* court noted, at the second stage, defendant will need to make a substantial showing of a constitutional claim, which will "necessarily entail some explanation of the grounds that could have been presented in the motion to withdraw the plea." *Edwards*, 197 Ill. 2d at 257-58.

¶ 25    For the foregoing reasons, we reverse the judgment of the circuit court and remand for second-stage proceedings under the Act.

¶ 26    Reversed and remanded.