(No. 42293.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ROBERT WILLIAMS, Appellant.

*Opinion filed November 17, 1970.*

SCHAEFER and WARD, JJ., took no part.

JEROME J. ROBERTS, of Chicago, (JENNER & BLOCK, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and ARTHUR L. BELKIND, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The defendant, Robert Williams, pleaded guilty in the circuit court of Cook County to two indictments charging armed robbery and was sentenced to the penitentiary for terms of not less than three years nor more than seven years on each indictment with the sentences to be served concurrently. Subsequently, defendant filed a *pro se* petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*) which was dismissed by said court without a hearing, and this appeal is from that order of dismissal.

In his petition defendant alleged, among other things, that his constitutional rights were violated in that he was induced to plead guilty by representation of his attorney that the State would agree to a sentence of six months to one year in the county jail instead of seeking a sentence of 40 to 80 years in the penitentiary if he went to trial, and further, that even after the court imposed a sentence of three to seven years, his counsel whispered to him that the court would call him back and give him one year in the county jail. The petition, though sworn to by defendant, was unsupported by any other affidavits.

The State argues that the petition was properly dismissed and an evidentiary hearing denied because, contrary

to the requirements of the Post-Conviction Hearing Act, satisfactory affidavits were not attached to the petition, nor were there any reasons given for the absence of such affidavits, and that the petition itself failed to state facts establishing a deprivation of constitutional rights.

The facts of this case are almost identical with those in *People* v. *Washington,* 38 Ill.2d 446. There it was alleged that the attorney made the same promises both before and after sentence. The only distinction is that in *Washington* the petitioner attempted to explain the absence of accompanying affidavits by alleging that he was unable to obtain them either from his attorney or his sister, who supposedly overheard the promise, because of his incarceration and indigence. We held that petitioner's verified petition was sufficient to entitle him to an evidentiary hearing; that if in fact there was an agreement that defendant would receive a lesser sentence than that imposed, defendant's constitutional rights were violated and the judgment entered could not stand; that though the defendant's sworn allegation might seem improbable, yet the allegation remained undisputed and a hearing should have been held to determine its truth or falsity. In addition, we held that the fact that defendant's appointed attorney did not seek to amend the *pro se* petition and supply supporting affidavits did not deprive defendant of his right to a hearing.

The purpose of a post-conviction proceeding is to inquire into the constitutional phases of the original conviction which have not already been adjudicated (*People* v. *Ashley,* 34 Ill.2d 402), and the function of the pleadings is to determine whether petitioner is entitled to a hearing. (*People* v. *Airmers,* 34 Ill.2d 222.) Though it is true that dismissal of nonmeritorious petitions is undeniably within the contemplation of the Act (*People* v. *Morris,* 43 Ill.2d 124), yet it is equally true that where a claim of substantial constitutional denial is based on assertions beyond the rec-

ord it is contemplated that evidence should be taken. *People v. Sigafus,* 39 Ill.2d 68.

Here the record is meager, to say the least. Denial of a substantial constitutional right is factually alleged by petitioner and denied by the State with nothing more to guide the court in its determination. Under such circumstances the dispute cannot be resolved without some evidentiary inquiry into the truth or falsity of petitioner's factual allegations.

The State's only contention is that the petition is insufficient to entitle petitioner to a hearing in that it was not accompanied by supporting affidavits. But the only affidavit that petitioner could possibly have furnished, other than his own sworn statement, would have been that of his attorney who allegedly made the misrepresentation to him. The difficulty or impossibility of obtaining such an affidavit is self-apparent. In *People v. Wegner,* 40 Ill.2d 28, where similar allegations of misrepresentations of counsel as to sentence were made, we held that dismissal of the petition without a hearing was improper; that defendant was entitled to an evidentiary hearing even though the State had filed a counteraffidavit of defendant's attorney in which he denied making the statement attributed to him. It would certainly follow that if a defendant is entitled to a hearing despite a counteraffidavit of his attorney denying the allegations of the petition then a defendant should not be denied a hearing merely because he did not obtain a supporting affidavit from the attorney who represented him at the time of his plea.

Under such circumstances, to so strictly construe the Act as requested by the State would defeat its very purpose by denying petitioner a hearing on the factual issue raised by the pleadings. However, as stated in *People v. Reeves,* 412 Ill. 555, we do not intend hereby to lessen the duty of petitioners under the Act to make a substantial showing of a violation of constitutional rights, for the allegations of mere conclusions to that effect under oath will not suffice. We do

find that in this case the sworn statements of petitioner warrant a fair inference of a violation of constitutional rights which are not negated by the State nor by the record, and that an evidentiary hearing is required to determine the truth or falsity of petitioner's allegations.

One other contention of defendant which we should consider is that the hearing on the voluntariness of his plea should have been heard by a judge other than the trial judge. He cites *People* v. *Washington,* 38 Ill.2d 446, in support of his contention. We find that case not in point, for the agreement there was alleged to include defendant's attorney, the prosecutor and the judge, and because it appeared that the trial judge would be a witness we made the obvious conclusion that another judge should preside at the hearing. A trial judge has no reason to excuse himself unless it appears that he will be a material witness to events outside the record or upon a showing of actual prejudice. *People* v. *Newell,* 41 Ill.2d 329.

For the reasons stated we hold that the circuit court of Cook County improperly allowed the motion to dismiss and the judgment of said court is reversed and the cause remanded, with directions to overrule the motion and proceed to a hearing on the issues presented.

*Reversed and remanded, with directions.*

SCHAEFER and WARD, JJ., took no part in the consideration or decision of this case.