THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRENCE BURNS, Defendant-Appellant.

First District (4th Division)    No. 1—99—4030

Opinion filed June 28, 2001.

Michael J. Pelletier and Donna Finch, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James

E. Fitzgerald, and Georgia A. Buglass, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SOUTH delivered the opinion of the court:

In 1995, following a jury trial, defendant was found guilty of first degree murder and attempted armed robbery and was sentenced to a term of 40 years on the murder conviction and a consecutive 10-year term on the attempted armed robbery conviction. These convictions were affirmed on direct appeal. *People v. Burns*, 304 Ill. App. 3d 1, 709 N.E.2d 672 (1999).

Defendant then challenged his convictions under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 1998)). The trial court reviewed the petition and dismissed it without an evidentiary hearing as frivolous and patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 1998).

In this appeal from the dismissal of his petition, defendant argues that the trial court's order should be vacated or, in the alternative, he should be allowed to amend his petition for two reasons. First, he argues that one of the issues raised under his allegations of ineffective assistance of counsel, which was not addressed on direct appeal, should not be subject to waiver or *res judicata*. Second, defendant argues that pursuant to the United States Supreme Court ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and this court's ruling in *People v. Clifton*, 321 Ill. App. 3d 707 (2000), which held section 5—8—4(a) of the Unified Code of Corrections (730 ILCS 5/5—8—4(a) (West 1998)) unconstitutional, his consecutive sentencing is void and should be modified to run concurrently.

■ A postconviction proceeding is not an appeal of the underlying judgment but, rather, a collateral proceeding where the defendant may challenge a conviction or sentence for violations of constitutional rights. *People v. Johnson*, 183 Ill. 2d 176, 186, 700 N.E.2d 996, 1001 (1998). Any claim of substantial denial of constitutional rights that was not raised in the original or in an amended petition is waived. 725 ILCS 5/122—3 (West 1998). In addition, the court's ruling on a post-conviction petition has *res judicata* effect as to all claims raised in the petition as well as those that could have been raised. *People v. Flores*, 153 Ill. 2d 264, 274, 606 N.E.2d 1078 (1992). The same principles apply to those issues that were or could have been raised on direct appeal. *Johnson*, 183 Ill. 2d at 186, 700 N.E.2d at 1001. The operation of waiver and *res judicata* has generally contributed to the finality of criminal litigation. Finally, where a defendant has previously taken a direct appeal from a judgment of conviction, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the

court, and any other claims that could have been presented to the reviewing court, if not presented, are waived. *People v. Neal*, 142 Ill. 2d 140, 146, 568 N.E.2d 808, 811 (1990).

■ Our review of a trial court's dismissal of defendant's postconviction petition without an evidentiary hearing is *de novo. People v. Coleman*, 183 Ill. 2d 366, 389, 701 N.E.2d 1063, 1075 (1998).

■ Defendant's first argument is that one of the issues raised under his allegations of ineffective assistance of counsel, which was not addressed on direct appeal, should not be subject to waiver or *res judicata.* On direct appeal, defendant argued that his trial counsel was ineffective for failing to present evidence that one of his accomplices was possibly in jail at the time of the crime. Due to an oversight, we determined that this allegation was based on matters beyond the record on appeal and, as such, should be raised in a postconviction petition. *Burns*, 304 Ill. App. 3d at 11-12, 709 N.E.2d at 680. However, these matters *were* contained in the record. Defendant now urges that since the trial court summarily dismissed his allegation of ineffective assistance of counsel pursuant to the doctrine of *res judicata*, that dismissal should be vacated or, in the alternative, he should be allowed to amend his petition.

The State argues that, even if this issue is not barred by *res judicata*, it is, nevertheless, waived because defendant failed to include this argument in his postconviction petition.

In our opinion on direct appeal, we stated that, since the disposition of this allegation of ineffective assistance of counsel concerned matters outside the record, defendant should address this issue in his postconviction petition, and we declined to address it. *Burns*, 304 Ill. App. 3d at 11-12, 709 N.E.2d at 680. As such, *res judicata* does not apply here. *Neal*, 142 Ill. 2d at 146, 808 N.E.2d at 811 (the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court).

We do find, however, that pursuant to section 122—3, this issue has been waived and does not fall under any of the exceptions recognized by the Illinois Supreme Court. See *People v. Erickson*, 183 Ill. 2d 213, 223, 700 N.E.2d 1027, 1032 (1998) (this court has held that a defendant's failure to raise a claim of ineffective assistance of appellate counsel in his initial postconviction petition will not operate as a waiver if the defendant was represented by the same attorney on direct appeal and in his initial postconviction proceeding); *People v. Steidl*, 177 Ill. 2d 239, 250, 685 N.E.2d 1335 (1997) (the waiver rule will be relaxed if either the evidentiary basis for the claim of ineffectiveness is not contained within the original trial court record and, therefore, could not be considered by a reviewing court on direct ap-

peal or if the facts relating to the competency of trial counsel are newly discovered).

Although we failed to address this issue on direct appeal, we did state that "it is more appropriate that the defendant's contentions be addressed in a proceeding for postconviction relief." *Burns*, 304 Ill. App. 3d at 11, 709 N.E.2d at 680. However, defendant failed to do so. Section 122—3 of the Act specifically states: "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122—3 (West 1998).

Defense counsel's additional contention that defendant's failure to raise this issue in his *pro se* postconviction petition was due to his scant educational background is not persuasive. Based upon the common law record, defendant was fully competent to stand trial and his competency or lack thereof has never been raised as an issue. Furthermore, defendant's petition for postconviction relief was well presented and exhibited a full understanding of his case and his legal rights. Therefore, the waiver doctrine applies.

■ Defendant's second argument is that his consecutive sentences under section 5—8—4(a) (730 ILCS 5/5—8—4(a) (West 1998)) are void pursuant to the recent United States Supreme Court case, *Apprendi v. New Jersey* and, therefore, should be modified to run concurrently.

In *Apprendi*, the United States Supreme Court ruled that a New Jersey statutory sentencing scheme violated defendant's due process rights. The Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. The Supreme Court reasoned that " 'it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. *** [S]uch facts must be established by proof beyond a reasonable doubt.' [Citations.]" *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2363.

The State maintains that *Apprendi* constitutes a new rule of constitutional law and, therefore, does not apply retroactively to collateral proceedings, such as the one in this case.

Based upon the Illinois Supreme Court's recent ruling in *People v. Wagener*, 196 Ill. 2d 269 (2001), that consecutive sentencing does not raise *Apprendi* concerns, we find that the trial court's sentencing was proper and deny defendant's request to modify his sentence to run concurrently.

Based upon the foregoing analysis, the judgment of the circuit court is affirmed.

Judgment affirmed.

HARTMAN, P.J., and HOFFMAN, J., concur.