No. 3--01--0713

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2003

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 12th Judicial Circuit, 

 ) Will County, Illinois

Plaintiff-Appellee, ) 

 )

v. ) No. 99--CF--870

 ) 

KEVIN KELLERMAN, ) Honorable

                                ) Stephen D. White,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the court:

_________________________________________________________________

The defendant, Kevin Kellerman, appealed his conviction for arson (720 ILCS 5/20--1(a) (West 1998)
).  On March 5, 2003, we reversed the judgment of conviction and remanded for further proceedings (
People v. Kellerman
, 337 Ill. App. 3d 781, 786 N.E.2d 599 (2003)).  On June 4, 2003, in 
People v. Kellerman
, 204 Ill. 2d 672, 789 N.E.2d 303 (2003), the Illinois Supreme Court ordered this court to vacate our March 5, 2003, order and address the State's argument concerning the defendant's failure to supply supporting documentation for his petition under 
People v. Collins
, 202 Ill. 2d 59, 782 N.E.2d 195 (2002)
.  This order addresses the 
Collins
 issue and otherwise retains our analysis of the issues in the March 5 order.

The defendant pled guilty to arson and was sentenced to 12 years' imprisonment.  The defendant did not file a postplea motion or bring a direct appeal.  He filed a 
pro
 
se
 postconviction petition (725 ILCS 5/122--1 
et
 
seq
. (West 2000)) which was dismissed at the first stage of the proceedings.  On appeal, the defendant argues that the trial court erred in summarily dismissing his petition because: (1) his trial counsel was ineffective by advising him that a police offer of leniency, which led to his confession, had no legal effect; and (2) his trial counsel's ineffectiveness caused his guilty plea to be involuntary.  The State contends that (1) we lack jurisdiction because the defendant's notice of appeal was untimely filed; (2) the defendant's arguments are waived because he failed to raise them in a postplea motion or a direct appeal; and (3) the defendant's petition was properly dismissed because it lacked the required supporting documentation and did not state why the documentation was missing (725 ILCS 5/122--2
 (West 2000)).  We (1) rule that we have jurisdiction; (2) hold that the defendant's arguments are not waived; and (3) reverse and remand for further postconviction proceedings.

BACKGROUND

The defendant was charged with committing arson.  At his plea hearing, he proposed to plead guilty pursuant to a fully negotiated agreement with the State.  The prosecutor stated that because the defendant previously had been convicted of two burglaries, he was eligible to be sentenced as a Class X offender.  The defendant agreed to plead guilty in exchange for the State's recommendation of a 12-year prison sentence.

The State presented its factual basis for the plea.  The prosecutor stated that the Bolingbrook Fire Department extinguished a fire at a residence on June 30, 1999.  Following the police investigation of the fire, the defendant was arrested for arson and was advised of his 
Miranda
 rights.  In a tape-recorded statement, he admitted to the police that he had set the house on fire.

The trial judge accepted the defendant's plea under the terms of the agreement.  During the sentencing hearing, the defendant's trial counsel stated that she had listened "to a tape where he made statements" to the police.  The trial court sentenced the defendant to 12 years' imprisonment.  The defendant did not pursue an appeal by filing the requisite postplea motion followed by an appeal from the disposition of such a motion.  See 188 Ill. 2d R. 604(d).

The defendant filed a 
pro
 
se
 postconviction petition.  The petition was accompanied by the defendant's own affidavit, but was not accompanied by supporting affidavits, records or other evidence.  The defendant did not explain why he failed to supply any supporting documents or other evidence.

In his petition, the defendant alleged that his guilty plea was involuntary because of trial counsel's ineffective assistance.  In his "Memorandum In Support" of his petition, he claimed that during his interrogation, the police told him "the State's Attorney was on a phone ready to offer [him] a negotiated plea of three or four years in exchange for a confession."  He submitted that the tape of his confession would support this contention.

The defendant claimed that he told his trial counsel about the police offer being recorded on the tape.  According to the defendant, his attorney told him that "no police was able to make any negotiations," and that the defendant should accept the State's offer of 12 years' imprisonment because "it was the best offer he would receive."  He contended that because of his attorney's ineffectiveness, his guilty plea was involuntary and that he should be allowed to withdraw his plea.

On August 2, 2001, the trial court dismissed the defendant's petition as "patently without merit and fail[ing] to raise a sufficient constitutional question upon which relief can be granted."  On August 23, 2001, the defendant placed a 
pro
 
se
 document in the prison mail system titled "Notice of Filing Notice of Appeal."  In this document, he stated, "The Defendant wishes to file an Appeal of the Circuit courts [sic] Order of Dismissal August 2,2001 [sic] in which the Post-Conviction relief and cause was dismissed."  The defendant's court-appointed appellate defender also filed a "Notice to Appeal" on behalf of the defendant on September 5, 2001.

ANALYSIS

I. Jurisdiction

The State contends that we lack jurisdiction because the defendant's September 5, 2001, notice of appeal was untimely.  The State also argues that the 
pro
 
se
 document the defendant placed in the prison mail system on August 23, 2001, was insufficient as a notice of appeal.  We disagree with the latter of the State's two assertions.

The timely filing of a notice of appeal is necessary for an appellate court to have jurisdiction over a criminal matter.  
People v. Blanchette
, 182 Ill. App. 3d 396,
 538 N.E.2d 237 (1989).  To be timely, the notice of appeal must be filed with the trial court within 30 days of a final order.  188 Ill. 2d R. 606(b).  A notice of appeal mailed within the 30-day period is timely filed.  
Blanchette
, 182 Ill. App. 3d 396,
 538 N.E.2d 237.

Supreme Court Rule 606(d) (188 Ill. 2d R. 606(d)) lists the elements to be incorporated in a notice of appeal and states that the document should substantially be in that form.  Where a deficiency is one of form rather than substance, an appellate court has jurisdiction if (1) the notice fairly and accurately advises the appellee of the nature of the appeal; and (2) the appellee is not prejudiced by the deficiency in form.  
People v. Clark
, 268 Ill. App. 3d 810, 645 N.E.2d 590 (1995).

The State contends that the document the defendant filed on August 23, 2001, cannot be construed as a notice of appeal.  For this proposition, the State cites 
People v. Sanders
, 40 Ill. 2d 458, 240 N.E.2d 627 
(1968), and 
People v. Feigleson
, 24 Ill. App. 3d 794,
 321 N.E.2d 473 (1975).  In 
Sanders
, our supreme court ruled that the defendant's request for a transcript of the trial proceedings was insufficient to function as a notice of appeal.  In 
Feigleson
, the appellate court held that the text of the defendant's document, titled "Notice Of Appeal For New Trial," was in the form of a posttrial motion seeking relief from the trial court rather than from the appellate court.  
Feigleson
, 24 Ill. App. 3d at 795,
 321 N.E.2d at 474.

In this case, the document the defendant placed in the prison mail system on August 23, 2001, cannot be construed as either a request for a transcript or a motion seeking relief from the trial court.  Therefore, we find the holdings of 
Sanders
 and 
Feigleson
 to be inapposite to the present case.

Although the defendant's August 23, 2001, document did not contain all of the elements listed in Supreme Court Rule 606(d), it substantially complied with the rule.  The document fairly and accurately advised the State of the nature of the appeal.  Furthermore, the State was not prejudiced by the document's deficiency in form.  We liberally construe the August 23, 2001, document as the defendant's notice of appeal.

Because the defendant's August 23, 2001, notice of appeal was placed in the mail within 30 days of the order dismissing the defendant's postconviction petition, it was timely filed.  Thus, we have jurisdiction to consider the defendant's appeal.

II. Waiver

The State submits that the defendant has waived his arguments by failing to raise them in a postplea motion or a direct appeal.  Specifically, the State contends that the defendant previously could have raised his trial counsel's ineffectiveness because the record indicates that his trial counsel heard the tape of his confession.  The State infers that if the tape contained the police offer of leniency as alleged by the defendant, his trial counsel would have challenged the voluntariness of his confession in the trial court.

The principles of 
res
 
judicata
 and waiver limit the scope of appeals from postconviction proceedings.  Issues a defendant could have raised on direct appeal, but did not, are considered waived.  
People v. Hampton
, 165 Ill. 2d 472, 651 N.E.2d 117 (1995).  The waiver rule does not apply if the factual basis for a claim of ineffectiveness is not contained within the original trial court record and, therefore, could not have been considered on direct appeal.  
People v. Burns
, 332 Ill. App. 3d 189, 773 N.E.2d 1 
(2001).  To perfect an appeal from a judgment based on a guilty plea, the defendant first must file an appropriate postplea motion and then appeal from the judgment disposing of that motion.  188 Ill. 2d R. 604(d).

In the present case, the defendant contends that his trial counsel was ineffective because she erroneously advised him that the police offer of leniency had no legal effect.  The State is correct that the defendant did not raise this issue in a postplea motion or a direct appeal.  The threshold question, however, is whether the defendant could have raised this issue in such proceedings.

During the sentencing hearing, the defendant's trial counsel stated she had listened to the tape in which the defendant made statements to the police.  However, the record does not indicate whether defense counsel heard a police offer of leniency while listening to the tape and, if so, whether defense counsel advised the defendant that such an offer of leniency had no legal effect.  Because the facts regarding the defendant's postconviction allegation of ineffective assistance were not in the trial record, the defendant could not have raised his postconviction arguments in a posttrial motion or a direct appeal.  Therefore, the defendant's issues are not waived.

III. Lack of Supporting Documentation

As noted above, the defendant contends that his trial counsel was ineffective by erroneously advising him that the police offer of leniency had no legal effect.  The State submits that the defendant's petition was properly dismissed because he failed to attach documentation to support this allegation or explain why the documentation was missing.

A postconviction petition must be accompanied by the defendant's own affidavit.  725 ILCS 5/122--1(b) (West 2000).  Additionally, the petition must be accompanied by affidavits, records, or other evidence supporting the defendant's allegations, or state why such documents or evidence is not attached.  725 ILCS 5/122--2 (West 2000); 
Collins
, 202 Ill. 2d 59, 782 N.E.2d 195.

In 
Collins
, the defendant pled guilty under a negotiated agreement.  His plea was accepted by the court, and he was sentenced.  The defendant did not file a motion to withdraw his guilty plea.  He filed a postconviction petition in which he alleged that he told his trial attorney that he wished to appeal.  The defendant submitted that his attorney said that he would file an appeal, but never did.  The defendant also asked his attorney to file a motion to reconsider the sentence, about which the attorney misled the defendant.  The attorney did not file a motion to reconsider.  Our supreme court ruled that the defendant's postconviction petition was properly dismissed at the first stage for failure to comply with section 122--2.

The 
Collins
 court stated that compliance with the documentation requirements of section 122--2 is mandatory with one narrow exception, citing 
People v. Williams
, 47 Ill. 2d 1, 264 N.E.2d 697 (1970).  In 
Williams
, the defendant alleged in his postconviction petition that he was induced to plead guilty by an oral misrepresentation from his attorney concerning the sentence he would receive.  His petition was not accompanied by supporting documents and did not say why such documents were lacking.  The defendant's petition was dismissed without a hearing.

The 
Williams
 
court said that even though the defendant did not explain why his postconviction petition was unaccompanied by the proper documentation, the petition contained facts from which it could be inferred that "the only affidavit that petitioner could possibly have furnished, other than his own sworn statement, would have been that of his attorney."
  The court stated that "[t
]he difficulty or impossibility of obtaining such an affidavit is self-apparent."  
Williams
, 47 Ill. 2d at 4, 264 N.E.2d at 698.
  The 
Williams
 court reversed the dismissal of the defendant's petition.

In the present case, the defendant's postconviction petition was accompanied by his own affidavit, under section 122--1(b), but was not accompanied by supporting documentation or an explanation concerning its absence, as required by section 122--2.  Unlike the defendant in 
Collins
, the defendant in this case did not allege that his trial counsel misled him concerning perfecting his appeal.  Therefore, we find this case to be factually distinguishable from 
Collins
.

Furthermore, we find the facts of this case to fit squarely within the 
Williams
 exception cited by the 
Collins
 court.  Like the defendant in 
Williams
, the defendant alleged in his petition that his trial attorney's oral misrepresentations induced him to plead guilty.  Obviously, the defendant could not be expected to obtain an affidavit from his trial counsel stating that the attorney was ineffective.  Therefore, we hold that under the narrow exception announced in 
Williams
, the defendant's failure to comply with the documentation requirement of section 122--2 did not justify dismissal of his petition.

IV. Postconviction Allegations

A. Ineffective Assistance

The defendant argues that the trial court erred in dismissing his postconviction petition because it stated the gist of a constitutional claim for ineffective assistance of trial counsel.

A postconviction petition may be dismissed at the first stage as frivolous or patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the gist of a constitutional claim.  The "gist" standard presents a low threshold in which the petitioner need only present a limited amount of detail.  The standard of review for the first-stage dismissal of a defendant's postconviction petition is 
de
 
novo
.  
People v. English
, 334 Ill. App. 3d 156, 778 N.E.2d 218 (2002).

To determine whether a defendant has been denied his sixth amendment right to effective assistance of counsel, the defendant must show (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that it is reasonably probable that his case was prejudiced by his counsel's unprofessional errors.  
Strickland v. Washington
, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); 
People v. Albanese
, 104 Ill. 2d 504, 473 N.E.2d 1246 (1984).

If a defendant's confession was not voluntarily given, it is inadmissible at trial.  A confession was voluntary if it was made freely and without compulsion or inducement of any sort.  To constitute an offer of leniency that renders a confession inadmissible, a police statement must be coupled with a suggestion of a specific benefit that will follow if the defendant confesses.  
People v. Johnson
, 285 Ill. App. 3d 802, 674 N.E.2d 844 (1996).

In 
People v. Heide
, 302 Ill. 624, 135 N.E. 77 (1922), the defendant was told by police officers that if he confessed, he would be taken to the State's Attorney, who would do the best for him.  The Illinois Supreme Court ruled that the defendant's confession was not admissible.

In 
People v. Ruegger
, 32 Ill. App. 3d 765, 771, 336 N.E.2d 50, 54-55 (1975), police officers told the defendant that they would "go to bat" for him on such matters as a recognizance bond and probation if he confessed.  The 
Ruegger
 court affirmed the suppression of the defendant's confession.

In the present case, the defendant's petition alleges that the police told him that the State's Attorney was on the phone and was prepared to offer him three or four years' imprisonment if he confessed.  Taken as true and liberally construed, such a police statement was an inducement for the defendant to confess in exchange for the specific benefit of a State's Attorney's negotiated plea agreement.  If the defendant's allegation is true, his confession was involuntarily given and was inadmissible at trial.

If we consider the defendant's postconviction allegations as true, the defendant stated the gist of a constitutional claim for ineffective assistance of trial counsel.  If the defendant's confession was involuntarily given, his trial counsel's performance fell below an objective standard of performance and his trial was prejudiced by his counsel's failure to challenge the admissibility of his confession.  Therefore, as a matter of law, the trial court erred by dismissing the defendant's postconviction petition at the first stage of the proceedings.

We emphasize that we express no opinion regarding the truth of the defendant's allegations.  We only accept his allegations as true and construe them liberally under the "gist" standard for first-stage dismissals.

B. Involuntary Guilty Plea

Because we are reversing and remanding on the basis of the defendant's ineffective assistance claim, we need not address his involuntary guilty plea argument.

CONCLUSION

For the foregoing reasons, we reverse the judgment of the Will County circuit court dismissing the defendant's postconviction petition and remand the matter for further proceedings.

Reversed and remanded.

MCDADE, P.J., and LYTTON, J., concur.