**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190597-U

Order filed June 14, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0597 Circuit No. 13-CF-98 |
| | ) | |
| ADAM M. LANDERMAN, | ) ) | Honorable Amy Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court.
Justices Daugherity and Holdridge concurred in the judgment.

**ORDER**

¶ 1     *Held*:  This court has jurisdiction. Defendant's postconviction petition stated the gist of a constitutional claim.

¶ 2     Defendant, Adam M. Landerman, appeals the first-stage dismissal of his postconviction petition. He argues that the Will County circuit court erroneously dismissed his petition for lack of evidentiary support and that his petition stated the gist of a constitutional claim—that his mandatory life sentence violated the proportionate penalties clause of the Illinois Constitution. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4          Defendant was convicted of two counts of first degree murder (720 ILCS 5/9-1(a)(1) (West 2012)) and was given the mandatory sentence of natural life in prison. Defendant appealed, arguing, among other things, that the mandatory life sentence was unconstitutional as applied to him under the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution because it did not allow the court to take into account his youth and rehabilitative potential. *People v. Landerman*, 2018 IL App (3d) 150684, ¶ 51. He also argued that trial counsel provided ineffective assistance by failing to raise that issue at sentencing. *Id.* ¶ 57. This court determined that these claims were better suited for postconviction proceedings. *Id.* ¶¶ 53-57.

¶ 5          On February 14, 2019, defendant filed, as a self-represented litigant, a postconviction petition raising claims of ineffective assistance of both trial and appellate counsel regarding defendant's demand for speedy trial and the State's pursuit of a felony murder conviction based upon robbery without separately charging him with robbery.

¶ 6          On March 25, 2019, defendant, as a self-represented litigant, filed a supplement to the February 14 postconviction petition. Defendant argued that, on direct appeal, he raised a claim that the statute mandating a natural life sentence was unconstitutional as applied to him because he was 19 years old at the time of the offense and the statute did not allow the court to take his youth and rehabilitative potential into consideration. He challenged the sentence, in part, under the proportionate penalties clause of the Illinois Constitution. Defendant further noted that this court had determined that his as-applied challenge and his related ineffective assistance claims should be developed and litigated in postconviction proceedings. Defendant requested an

evidentiary hearing on his as-applied constitutional challenge. Additionally, defendant attached a copy of this court's order addressing his direct appeal.

¶ 7    On May 3, 2019, the court denied the petition and supplement thereto. As to the as-applied constitutional challenge, the court stated defendant "present[ed] no evidence to support this claim. There are no affidavits, medical, educational, psychological or psychiatric records or specific claims as to his actual rehabilitative potential." The order directed the clerk of the court to send a copy of the order to defendant and a letter directed to defendant dated May 3, 2019, is in the record. The letter does not advise defendant that the order is a final appealable order or that he must appeal within 30 days.

¶ 8    On May 23, 2019, defendant mailed an amended postconviction petition to the court and it was filed on May 28. Defendant cited *People v. Whitehead*, 169 Ill. 2d 355 (1996) for the proposition that a "[d]efendant may amend his petition in the wake of a summary dismissal." In more detail than his supplemental postconviction petition, he set forth his claim that the statute providing that he serve a mandatory life sentence was unconstitutional as applied to him and that trial counsel was ineffective for failing to raise that claim. Defendant cited and attached to the amended petition various articles about the continued development of young adults' brains. He argued that at the time of the offense, he possessed many of the same characteristics that make a mandatory life sentence unconstitutional for juvenile offenders and cited this court's order addressing his direct appeal. Defendant explained how his conduct during the offense reflected immaturity, impetuous decision making, vulnerability to negative influences and failure to appreciate risks and consequences. Additionally, defendant provided argument as to his rehabilitative potential. He further highlighted his mental health issues, which were discussed in the presentence investigation report. The amended petition also provided more detail as to the

claims set forth in his original filing from February 14 and included one additional claim regarding the waiver of counsel. Defendant attached this court's order addressing his direct appeal, as well as the decision in *People v. Harris*, 2018 IL 121932.

¶ 9        On May 20, 2019, the court stated that it was "pretty sure [it] denied [defendant's] petition for post conviction. Now he is asking to file an amended one. I will take a look at it." On May 31, the court stated that defendant "asked to file an amended petition after I denied it. I presume it's a petition for leave to file a successive petition." The court then noted that it needed to review that and it did not believe it had any time constraints. On July 8, the court stated, "I think this is [defendant's] second petition for post-conviction relief," and the clerk replied "It is. He had filed an amended petition." The court noted that it would review it. On August 2, the State advised the court that defendant filed a postconviction petition which the court denied on May 3 and that "[a]fter [Y]our Honor's denial of that he is attempting to file an amended post conviction." The State noted that there was a pending section 2-1401 petition and motion to dismiss it, and also "the attempt to file an amended post conviction petition." The court scheduled the matter for a couple weeks later to "handle it all."

¶ 10        On September 6, the court dismissed defendant's section 2-1401 petition. Then the following exchange occurred:

> "THE COURT: And he also has a post-conviction, right?
>
> [THE STATE]: His post-conviction petition has been ruled on by [Y]our Honor.
>
> THE COURT: But I have an amended one here. *** But doesn't he have a petition for leave to file a successive post-conviction?

4

[THE STATE]: I believe he may have filed an amended post-conviction petition after [Y]our Honor had already ruled on his post-conviction petition.

THE COURT: I see. All right. So nothing is left pending for [defendant]?

[THE STATE]: Correct.

THE COURT: Okay. Clerk directed to send a copy of [defendant's] order to him at the Department of Corrections.

THE CLERK: So then as to his amended petition for post-conviction, you're leaving your previous order to stand?

THE COURT: Yes."

Defendant filed a notice of appeal on September 25. He noted that the type of proceeding was "Post Conviction filed 5/28/19" and "2-1401 petition." The notice also stated that the order he was appealing from was the "September 6, 2019 Dismissals of Post Conviction and 2-1401 petition." He filed a second notice of appeal on October 7 indicating he was appealing from the dismissal of the section 2-1401 petition.

¶ 11                                II. ANALYSIS

¶ 12                                A. Jurisdiction

¶ 13        Defendant argues that this court has jurisdiction because defendant's May 28 amended postconviction petition was actually a motion for reconsideration such that he timely appealed after that motion was denied and the court decided to stand on its prior order. He further argues that the court failed to provide him proper notice pursuant to Illinois Supreme Court Rule 651(b) (eff. July 1, 2017), which requires that upon entry of an adverse judgment in a postconviction proceeding, defendant must be notified, among other things, that the court entered the order, he has the right to appeal, and the appeal must be filed within 30 days. The State argues that this

5

court lacks jurisdiction because defendant failed to file an appeal from the May 3 dismissal of the February 14 petition and supplement thereto. It further argues that the May 28 amended postconviction petition was a successive petition and defendant makes no argument on appeal that the court improperly denied leave to file it such that all the arguments on appeal pertain to the dismissal of the February 14 petition and supplement thereto, which he did not appeal.

¶ 14    The appellate court acquires jurisdiction after the timely filing of a notice of appeal. See *People v. Kellerman*, 342 Ill. App. 3d 1019, 1023 (2003). Generally, "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021).

¶ 15    "[T]he character of a motion should be determined from its content, and a court is not bound by the title of a document given by a party." *Savage v. Mui Pho*, 312 Ill. App. 3d 553, 559 (2000). Reviewing the contents of defendant's amended postconviction petition, it appears that the document is attempting to challenge the court's dismissal and provide documentation and detail that the May 3 dismissal order noted was lacking in an attempt to change the court's decision. Therefore, we construe defendant's amended postconviction petition as a motion to reconsider and/or motion to reconsider and amend. This determination is further supported by the court's decision to let its prior dismissal stand in light of the amended petition. Although the court made a statement that it was presuming the amended petition was a successive petition, it does not appear that the court had even reviewed the document at that point and thus, the court's comment has no bearing on determining the document's nature.

¶ 16    Further, although the State relies on the holding of *People v. Smith*, 2013 IL App (4th) 110220, to argue that the amended petition was not a motion to reconsider, we find it

6

distinguishable. The court in *Smith* declined to consider defendant's postdismissal filings as a motion to amend and reconsider and instead considered them to be successive petitions. *Id.* ¶¶ 17, 22. The filings at issue in *Smith* were labeled "Successive Post-Conviction Petition" and "Amended Petition for Successive Post-Conviction Relief" by defendant and defendant referred to the documents as successive petitions various times in accompanying filings, which indicated they were successive petitions. *Id.* Additionally, that defendant's "Successive Post-Conviction Petition" stated several claims that were not raised in the initial petition and only reraised one of four claims contained in the original. *Id.* ¶¶ 12-13. Further, there is no indication that the *Smith* defendant failed to receive proper notice under Rule 651(b) as defendant did in this case, which could have led to confusion over whether the May 3 dismissal order was a final appealable order or was still able to be amended. In any event, our supreme court has allowed a third amended petition to stand after a second amended petition had been dismissed. See *Whitehead*, 169 Ill. 2d at 369, *overruled in part on other grounds by People v. Ligon*, 239 Ill. 2d 94 (2010) (stating "given these unusual circumstances and to ensure that defendant obtains one complete opportunity to show a substantial denial of constitutional rights, [citation] the third-amended petition stands").

¶ 17    Because defendant's notice of appeal was timely filed after the court's September 6 order determining its original dismissal stood and thereby effectively denying reconsideration, this court has jurisdiction.

¶ 18    Alternatively, given the court's failure to comply with the notice requirements of Rule 651(b), defendant would have been entitled to file his notice of appeal late, and we would liberally construe the notice of appeal as including the May 3 dismissal of the February 14 petition and supplement thereto. See *People v. Fikara*, 345 Ill. App. 3d 144, 158 (2003) ("In

7

instances where the requirements of Rule 651(b) have not been satisfied, the reviewing court must treat a defendant's untimely notice of appeal as a petition for leave to file a late notice of appeal within the contemplation of Supreme Court Rule 606(c) ***. [Citation.] The reviewing court must then grant the petition and consider the merits raised in the defendant's appeal."); *People v. Lewis*, 234 Ill. 2d 32, 39 (2009) (concluding "that defendant's notice of appeal, considered as a whole and liberally construed, adequately identifies the complained-of judgment and informs the State of the nature of the appeal").

¶ 19                                    B. As-applied Constitutional Challenge

¶ 20         Defendant argues that considering the supplement to the February 14 petition and/or the amended postconviction petition, he has stated the gist of a claim that the statute mandating he receive a life sentence is unconstitutional as applied to him because he was 19 years old at the time of the offense. Thus, he asserts that the circuit court erred in dismissing the petition at the first stage, especially on the basis that his petition lacked evidentiary support.

¶ 21         A circuit court's first-stage dismissal of a postconviction petition is reviewed *de novo*. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a process for a criminal defendant to assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *Hodges*, 234 Ill. 2d at 9. The circuit court may summarily dismiss the petition at the first stage of proceedings if it is frivolous or patently without merit, such that it "has no arguable basis either in law or in fact." *Id.* at 16. At the first stage, the petition's allegations are "taken as true and liberally construed." *People v. Harris*, 224 Ill. 2d 115, 126 (2007). A defendant need only state the gist of a constitutional claim, which is a low threshold.

*People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). "At this stage, a defendant need not make legal arguments or cite to legal authority." *Id.*

¶ 22 In *People v. House*, 2021 IL 125124, ¶¶ 5, 7-8, a defendant who was 19 years old at the time of his offense filed a postconviction petition alleging his mandatory life sentence was unconstitutional under the proportionate penalties clause of the Illinois Constitution—the same claim that defendant raised in the instant matter. *House* noted that defendant

> "did not provide or cite any evidence relating to how the evolving science on juvenile maturity and brain development applies to his specific facts and circumstances. As a result, no evidentiary hearing was held, and the trial court made no factual findings critical to determining whether the science concerning juvenile maturity and brain development applies equally to young adults, or to petitioner specifically, as he argued in the appellate court." *Id.* ¶ 29.

The supreme court determined that a court could not determine defendant's sentence violated the proportionate penalties clause as applied to him without a developed evidentiary record and factual findings. *Id.* ¶ 31. It then remanded the matter for second-stage proceedings so the record could be developed further. *Id.* ¶ 32. In line with *House*, we conclude this matter must be remanded and the petition advanced to second-stage proceedings.

¶ 23 III. CONCLUSION

¶ 24 The judgment of the circuit court of Will County is reversed and remanded.

¶ 25 Reversed and remanded.