2025 IL App (1st) 231436-U
No. 1-23-1436

FIRST DIVISION
March 31, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 11 CR 18420 |
| | ) | |
| CHRISTOPHER LOVE, | ) | The Honorable |
| | ) | John F. Lyke Jr., |
| Defendant-Appellant | ) | Judge Presiding. |
| | ) | |
| | ) | |
| | ) | |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Lavin and Cobbs concurred in the judgment.

**ORDER**

¶ 1        *Held:* Postconviction counsel's failure to obtain defendant's affidavit supporting his police torture claim, as well as other evidence to substantiate his ineffective assistance of trial counsel claims, did not constitute unreasonable assistance.

¶ 2        Defendant Christopher Love appeals from the circuit court order granting the State's motion to dismiss his petition for postconviction relief. On appeal, defendant argues that postconviction counsel provided unreasonable assistance by failing to amend his petition to adequately present his claims. We affirm.

¶ 3                                                    BACKGROUND

¶ 4        A jury convicted defendant of first degree murder for the stabbing death of Sarai

Michaels. The circuit court sentenced defendant to 26 years' imprisonment. Defendant appealed.

On appeal, we affirmed his conviction and sentence. *People v. Love*, 2018 IL App (1st) 160156-

U. Our prior order details the evidence presented at trial. *Love*, 2018 IL App (1st) 160156-U, ¶¶

5-22. We recount only those facts pertinent to the resolution of this appeal.

¶ 5        On October 28, 2019, defendant filed a *pro se* postconviction petition alleging: (1) that

the police tortured and coerced him into providing a statement while ignoring his request for an

attorney; (2) ineffective assistance of trial counsel claims; (3) prosecutorial misconduct claims;

(4) ineffective assistance of appellate counsel claims; and (5) circuit court error claims.

Defendant's police torture claim specifically alleged:

> "[Detective Rickher took Petitioner] into a room and handcuffed [him] to the
> wall in the presence of two other detectives, Detective Heerdt and Matias,
> both of them still armed with holstered guns, proceeded to interrogate the
> Petitioner after he had once again asked for a phone call and legal
> representation, those requests were answered with psychological and physical
> torture until the petitioner began cooperating to their satisfaction. Once the
> Petitioner started giving them the information they wanted he was offered a
> 'break' to 'clean himself up' due to the emotional state he was in, and was
> taken to the bathroom by the elevator by Det. Rickher, who told the Petitioner
> after being asked 'what happens now?' '[T]hey are gonna read you your rights
> and all that but just keep cooperating, or, ya know we can do this all night.' "

Relevant to this appeal, defendant claimed that trial counsel provided ineffective assistance for

failing to investigate his claim that the police tortured and coerced him into providing a

statement, and for failing to establish that his phone model frequently dropped calls which would

have explained his multiple calls to Michaels.[1] Defendant attached exhibits to his petition,

including portions of the trial record, excerpts from the transcript of his statement to police,

---

[1] In closing argument, the State argued that the number of calls defendant made to connect with Michaels linked him
to the murder.

medical records, and letters from appellate counsel. Defendant included his verification affidavit but did not provide any other affidavits. The circuit court advanced his petition to the second stage and appointed counsel.

¶ 6      Throughout postconviction proceedings, postconviction counsel informed the circuit court that he was investigating defendant's claims, reviewing the trial record, and attempting to obtain affidavits. Postconviction counsel filed a Rule 651(c) certificate which attested that:

> "1. I have communicated with Petitioner, Christopher Love, both by telephone and through written correspondence, to ascertain his claims of a deprivation of his constitutional rights.
> 2. I have examined Petitioner's record of proceedings, including the common law record, report of proceedings and any exhibits in the possession of the Clerk of the Circuit Court.
> 3. I have examined Petitioner's Pro Se Petition for Post-conviction Relief and am not filing a supplemental petition, as Petitioner's filing provides an adequate presentation of Petitioner's claims."

Postconviction counsel did not amend defendant's petition, and the State filed a motion to dismiss.

¶ 7      At a hearing on the State's motion to dismiss, postconviction counsel argued that defendant's petition "made a substantial showing based on his *pro se* pleadings that there have been constitutional violations." The circuit court took the matter under advisement. Defendant filed a *pro se* motion for substitution of counsel. In his motion, defendant argued that a conflict of interest existed between him and postconviction counsel since his petition contained ineffective assistance of counsel claims directed at the office to which postconviction counsel belonged. He also alleged that postconviction counsel failed to shape his claims into the proper legal form in violation of Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). Defendant withdrew the motion.

¶ 8        The circuit court granted the State's motion because defendant's petition failed to make a substantial showing of a constitutional violation. Regarding defendant's police torture claim, the circuit court noted that his videotaped statement was not used against him; rather, defendant relied on the statement to support his self-defense theory. The court further found that, based on the totality of the circumstances, the statement was voluntary. As to defendant's claim that trial counsel was ineffective for failing to suppress the videotaped statement due to alleged police coercion, the circuit court concluded that defendant was not prejudiced by the statement's admission, as he used it to support his self-defense theory. With respect to defendant's claim that trial counsel was ineffective for failing to present evidence that his phone model frequently dropped calls, the circuit court first observed that defendant failed to provide supporting documentation for this claim. Nonetheless, the court found that defendant could not establish prejudice, as other physical evidence linked him to Michaels' murder.

¶ 9        Postconviction counsel filed a motion to reconsider, arguing that the mid-interrogation *Miranda* warnings given to defendant were ineffective and that his statement was inadmissible under *Missouri v. Seibert*, 124 S. Ct. 2601 (2004). Postconviction counsel also argued that the State violated defendant's due process rights by committing a *Brady* violation. The circuit court denied the motion. Defendant appealed.

¶ 10                                                  ANALYSIS

¶ 11        Defendant argues that postconviction counsel provided unreasonable assistance by failing to amend his petition to adequately present his claims. He asserts that counsel should have attached his affidavit to support his allegation that police coerced and tortured him into providing a statement. Defendant further contends that counsel was unreasonable for failing to include additional evidence supporting his claims that trial counsel failed to investigate his allegations of

police torture and failed to establish that his phone frequently dropped calls. The latter, he argues, would have rebutted the State's closing argument that the number of calls he made to connect with Michaels connected him to the murder. We review *de novo* the dismissal of a postconviction petition without an evidentiary hearing and whether postconviction counsel provided reasonable assistance. *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007).

¶ 12     The Post-Conviction Hearing Act ("Act") (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a three-stage process by which criminal defendants may assert that a substantial denial of their constitutional rights resulted in their conviction. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). A postconviction proceeding is initiated by the filing of a petition "verified by affidavit." 725 ILCS 5/122-1(b) (West 2018). "The requirement for a verification affidavit in section 122-1, 'like all pleading verifications, confirms that the allegations are brought truthfully and in good faith.' " *People v. Allen*, 2015 IL 113135, ¶ 26 (quoting *People v. Collins*, 202 Ill. 2d 59, 67 (2002)). At the first stage, the circuit court shall dismiss the petition if it determines that the petition is frivolous or is patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2018). If the petition is not dismissed, it will proceed to the second stage and the court may appoint counsel to represent an indigent defendant. *People v. Hommerson*, 2014 IL 115638, ¶¶ 7-8.

¶ 13     The right to counsel in postconviction proceedings is derived from statute. *People v. Flores*, 153 Ill. 2d 264, 276 (1992); see 725 ILCS 5/122-4 (West 2018). Accordingly, postconviction petitioners are guaranteed only the level of assistance provided for by the Act, which our supreme court has determined to be a reasonable level of assistance. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). Under the lower reasonable assistance standard required in postconviction proceedings, Illinois Supreme Court Rule 651 (eff. July 1, 2017) significantly limits what postconviction counsel is required to do. *People v. Custer*, 2019 IL 123339, ¶ 32. To

ensure that postconviction petitioners receive reasonable assistance, Rule 651(c) requires postconviction counsel to perform the following duties:

> "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, *and has made any amendments to the petitions filed pro se that are necessary for an adequate presentation of petitioner's contentions.*" (Emphasis added.) Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

Substantial compliance with the rule is mandatory. *People v. Addison*, 2023 IL 127119, ¶ 21.

¶ 14　　　　The filing of a Rule 651(c) certificate creates a rebuttable presumption that counsel provided reasonable assistance. *Id*. Rule 651(c) only requires postconviction counsel to certify that they completed the specific, limited tasks outlined in the rule. *Custer*, 2019 IL 123339, ¶ 38. Counsel is not required to strengthen every claim in the petitioner's pro se postconviction petition, regardless of its legal merit, or to present every witness or piece of evidence the petitioner believes might support their case. *Id*. A court may reasonably presume that postconviction counsel made a good faith effort to obtain evidence supporting the postconviction claims but was unable to do so. *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 27. Defendant bears the burden of overcoming this presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by the rule. *Addison*, 2023 IL 127119, ¶ 21.

¶ 15　　　　Section 122-2 of the Act states that "the petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2018). An evidentiary affidavit contains the factual basis that supports petitioner's allegations and identifies the source of the evidence. *Allen*, 2015 IL 113135, ¶ 32. "The requirement of an evidentiary affidavit or other evidence, '[in contrast to a verification affidavit], shows that the verified allegations are capable of objective or independent

corroboration.' " *Id.* ¶ 26. Failure to either attach the necessary affidavits, records, or other evidence, or explain their absence is fatal to a postconviction petition, and justifies its summary dismissal. *Collins*, 202 Ill. 2d at 66.

¶ 16    Typically, an affidavit cannot serve as both verification affidavit and an evidentiary affidavit. *Allen*, 2015 IL 113135, ¶ 26. However, our supreme court has recognized a narrow exception in cases where the court can reasonably infer an explanation for petitioner's inability to obtain supporting evidence. *Id.* Our supreme court has determined that this narrow exception typically applies in cases involving ineffective assistance of counsel claims since the " 'difficulty or impossibility of obtaining such an affidavit is self-apparent.' " *People v. Hall*, 217 Ill. 2d 324, 333-34 (2005) (quoting *People v. Williams*, 47 Ill. 2d 1, 4 (1970)). Furthermore, " 'the only affidavit that petitioner could possibly have furnished, other than his own sworn statement, would have been that of his attorney.' " *Collins*, 202 Ill. 2d at 68 (quoting *Williams*, 47 Ill. 2d at 2). "Obviously, defendant could not be expected to obtain an affidavit from his trial counsel stating that the attorney was ineffective." *People v. Kellerman*, 342 Ill. App. 3d 1019, 1026 (3rd Dist. 2003).

¶ 17    In *Hunt*, postconviction counsel filed an amended petition alleging multiple ineffective assistance of trial counsel claims, as well as ineffective assistance of appellate counsel claims for failing to raise those claims on direct appeal. *People v. Hunt*, 2023 IL App (2d) 220153, ¶¶ 11-12. The petition included defendant's verification affidavit. *Id.* ¶ 14. Postconviction counsel filed a Rule 651(c) certificate. *Id.* ¶ 13. The State filed a motion to dismiss which the circuit court granted. *Id.* ¶ 15. On appeal, the defendant claimed that postconviction counsel provided unreasonable assistance for failing to attach his evidentiary affidavit in support of his ineffective assistance of trial counsel claim. *Id.* ¶¶ 18, 20.

¶ 18    In its analysis, the Second District relied on this court's decision in *People v. Moore*, 2022 IL App (1st) 192290. In *Moore*, this court explained;

> "A perfectly general rule that a petitioner's own affidavit satisfies section 122-2 would render that section all but meaningless. A petitioner could easily satisfy that requirement by transcribing the allegations in his petition into another document called an affidavit. But this trivial exercise does not demonstrate that the allegations are 'capable of objective or independent corroboration.' " *Moore*, 2022 IL App (1st) 192290, ¶ 27 (quoting *Allen*, 2015 IL 113135, ¶ 32.)

The Second District then framed the issue as "whether any affidavit at all was required." *Hunt*, 2023 IL App (2d) 220153, ¶ 24. The Second District recognized that "[o]ur courts recognize that, in postconviction proceedings alleging ineffective assistance of counsel, postconviction petitions need not attach counsel's affidavit attesting to his or her own ineffectiveness, as the 'difficulty or impossibility of obtaining such an affidavit is self-apparent.' " *Id.* ¶ 24 (quoting *Williams*, 47 Ill. 2d at 4). Again, the rationale for this exception is that "[o]bviously, defendant could not be expected to obtain an affidavit from his trial counsel stating that the attorney was ineffective." *Kellerman*, 342 Ill. App. 3d at 1026. The Second District concluded that the failure to attach either defendant or trial counsel's affidavit did not constitute unreasonable assistance of postconviction counsel. *Hunt*, 2023 IL App (2d) 220153, ¶ 28. In this case, we find that the rationale underlying the rule set forth in *Williams* applies.

¶ 19    The parties do not dispute that defendant's *pro se* petition does not contain an evidentiary affidavit but does contain a verification affidavit. Defendant claims that the omission of his evidentiary affidavit rendered his petition fatally deficient, as petition allegations must be supported by the record or accompanied by affidavits. See *People v. Coleman*, 183 Ill. 2d 366, 381 (1998). He contends that his claim of police torture lacked support in the record, making the affidavit necessary. Although typically applied to claims of ineffective assistance of counsel, we

find that the rationale underlying the rule set forth in *Williams* equally applies to defendant's claim of police torture. Just as it is "difficult" or "impossible" to obtain an affidavit from trial counsel admitting to ineffective assistance, it would be even more challenging, if not impossible, to obtain an affidavit from a police officer admitting to torturing a criminal defendant. For a claim of police torture, this court can reasonably infer from the allegations why a defendant was unable to obtain the supporting evidence. See *Allen*, 2015 IL 113135, ¶ 26. Furthermore, in such situations, defendant's evidentiary affidavit is not required, and his verification affidavit will suffice. See *Williams*, 47 Ill. 2d at 4-5. Here, because defendant's petition included his verification affidavit, postconviction counsel did not provide unreasonable assistance by failing to obtain defendant's evidentiary affidavit.

¶ 20    We acknowledge that, in some instances, evidence apart from an evidentiary affidavit may serve to corroborate claims of police misconduct. For example, medical records showing injuries consistent with a defendant's account, lockup notes documenting physical signs of abuse, or established patterns of abuse by the same officers in other cases may lend support to a petitioner's claim. When such evidence is available, it should be included to bolster the petition. However, such forms of corroboration may be difficult to obtain.

¶ 21    The potential availability of such evidence does not detract from the fundamental rationale for treating police misconduct claims in the same manner as ineffective assistance claims with respect to the affidavit requirement. As with ineffective assistance of counsel claims, a defendant is not expected to secure an affidavit from the alleged wrongdoer. While a defendant could submit his own affidavit, such a submission would merely reiterate the allegations in the petition and fail to satisfy the independent corroboration requirement. See *Moore*, 2022 IL App

(1st) 192290, ¶ 27. Thus, the rationale for excusing an evidentiary affidavit in ineffective assistance claims applies with equal force to claims of police torture or coercion.

¶ 22        Turning to defendant's claims regarding additional evidence, he argues that postconviction counsel provided unreasonable assistance by failing to support his allegations against trial counsel with evidence that could have corroborated his petition. Defendant contends that postconviction counsel was unreasonable for failing to include additional evidence supporting his claims that trial counsel failed to investigate his allegations of police torture. Our supreme court has consistently instructed that "[f]ailure to attach independent corroborating documentation or explain its absence may *** be excused where the petition contains facts sufficient to infer that the only affidavit the defendant could have furnished, other than his own sworn statement, was that of his attorney." *People v. Hall*, 217 Ill. 2d 324, 333 (2005). Our supreme court has noted that the " 'difficulty or impossibility of obtaining such an affidavit is self-apparent." *Hall*, 217 Ill. 2d at 333-34 (quoting *People v. Williams*, 47 Ill. 2d 1, 4 (1970)). Similarly, defendant's verification affidavit was sufficient to support his claims regarding trial counsel. Courts routinely allow ineffective assistance claims to proceed without an evidentiary affidavit when independent corroboration is unavailable, making this situation far more typical than defendant's police torture claim. Accordingly, no further analysis is necessary to conclude that postconviction counsel did not provide unreasonable assistance, and defendant did not rebut the presumption that postconviction counsel provided reasonable assistance.

¶ 23        Defendant also contends that postconviction counsel was unreasonable for failing to include additional evidence supporting his claims that trial counsel failed to establish that his phone frequently dropped calls. This claim is arguably rebutted by the record. During his videotaped statement, defendant and the detective had the following exchange:

Detective: "Did you call a bunch of times though? Did you call like a bunch of times cause the phone wasn't picking up or something or—"
Defendant: "Yeah."
Detective: "How many—"
Defendant: "I was just trying to figure out what's going on cause I didn't—
Detective: "How many times did you call? Like a bunch?"
Defendant: "A bunch."
Detective: "Like would you say how many?"
Defendant: "Maybe twenty."
Detective: "Maybe twenty, and why, it kept going into voicemail?"
Defendant: "Yeah."

¶ 24     Contrary to the assertion in defendant's petition, he stated during the interrogation that the calls were not being dropped, but rather were going to voicemail. Furthermore, postconviction counsel is not required to strengthen every claim in the petitioner's pro se postconviction petition, regardless of its legal merit, or to present every witness or piece of evidence the petitioner believes might support their case. *Custer*, 2019 IL 123339, ¶ 38. Defendant might respond that, if the claim lacked merit, postconviction counsel should have either amended the petition to remove it or moved to withdraw from representation. However, "[d]ifferent counsel may differ in their opinions regarding the merits of the petition." *People v. Huff*, 2024 IL 128492, ¶ 29. Additionally, "the court, not counsel, is the ultimate arbiter of whether 'the claims in the petition are meritorious.' " *Huff*, 2024 IL 128492, ¶ 29 (quoting *People v. Urzua*, 2023 IL 127789, ¶ 41). Postconviction counsel may well have believed that defendant's claim had merit and was presented adequately to permit the circuit court to assess its legal sufficiency, which the court ultimately did. Accordingly, postconviction counsel provided reasonable assistance.

¶ 25                                        CONCLUSION

¶ 26     For the reasons stated above, we affirm the decision of the Circuit Court of Cook County.

¶ 27        Affirmed.